

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2002

# USA v. Knight

Precedential or Non-Precedential: Non-Precedential

Docket No. 99-3667

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Knight" (2002). *2002 Decisions.* Paper 692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 99-3667

UNITED STATES OF AMERICA

v.

CARL ANTHONY KNIGHT,
Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 98-cr-00003-2
District Judge: Hon. Maurice B. Cohill, Jr.

Remanded from the United States Supreme Court
Order dated November 13, 2000

BEFORE: McKEE, GREENBERG Circuit Judges & SHADUR, District Judge[*]

(Filed: October 31, 2002)

OPINION OF THE COURT

McKee, Circuit Judge.

    A jury convicted Carl Anthony Knight of conspiracy to distribute cocaine base and

possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846. We

subsequently affirmed that conviction on direct appeal in a Memorandum Opinion filed

May 24, 2000. *See, United States v. Knight*, 216 F.3d 1077 (3d Cir. 2000) (table).

---

    [*]The Honorable Milton I. Shadur, Senior District Judge for the United States District
Court for the Northern District of Illinois, sitting by designation.

Knight appealed to the Supreme Court. In that appeal, Knight argued for the first time that the government's failure to specify a quantity of drugs in the indictment, and the trial court's failure to require the government to prove that quantity at trial by proof beyond a reasonable doubt, entitled him to relief pursuant to the intervening decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court granted *certiorari,* vacated our order affirming Knight's conviction, and remanded the case back to us "for further consideration in light of *Apprendi v. New Jersey*." Accordingly, we have now reviewed Knight's *Apprendi* argument. However, for the reasons that follow, we conclude that Knight is still not entitled to relief.

As noted above, Knight was convicted of violating 21 U.S.C. § 846. The jury's verdict was returned without special verdict or particularized findings, as was common practice before the decision in *Apprendi*. The superseding indictment charged only that Knight had conspired to:

> distribute and possess with the intent to distribute a mixture
> and substance containing a detectable amount of cocaine base,
> commonly known as 'crack,' a schedule II controlled
> substance; contrary to the provisions of Title 21, U.S.C.,
> Section 841(a)(1).
>
> In violation of Title 21 U.S.C., Section 846.

App. at 21a.

Following Knight's conviction, the probation department prepared a presentence investigation report recommending that he be sentenced to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) even though no quantity of crack was specified in the indictment

2

or found by the jury. Section 841(b)(1)(A) provides for life imprisonment where a defendant is convicted of distributing more than 50 grams of cocaine base. Knight now argues that, in light of the Court's ruling in *Apprendi*, he should not receive a sentence greater than the "default" period of 20 years imprisonment provided for distribution of any detectable quantity of cocaine base under 21 U.S.C. § 841(b)(1)(c).[1] However, Knight's argument is clearly foreclosed by decisions of this court, *see United States v. Vazquez*, 271 F.3d 93 (3d Cir. 2001) (*en banc*), as well as subsequent decisions of the Supreme Court. *See United States v. Cotton*, 122 S. Ct. 1781 (2002).

In *Vazquez*, the defendant was initially indicted for conspiracy to possess "more than 5 kilos of cocaine" in violation of 21 U.S.C. §§ 841 and 846, and "several related counts . . ." . 271 F.2d at 97. The indictment did charge a drug conspiracy involving "cocaine" but "it did not reference cocaine base or crack cocaine . . .". It did, however, charge the defendant with the overt act of storing "approximately 859 grams of 'crack' cocaine . . . and approximately 922 grams of cocaine powder." *Id*. at 97. The evidence at trial established that the police seized 991 grams of powder cocaine and 859 grams of crack cocaine that were attributed to Vazquez. The trial court instructed the jury that it

---

[1]On remand, the defendant actually makes several arguments. They include ineffective assistance of counsel, that the indictment was "defective" for failing to specify a drug quantity, and that the district court's view of the scope of his "relevant conduct" was erroneous. However, we reject the defendant's attempt to "load up" this remand with issues that are totally outside of the parameters set forth in the remand order. As noted, that order stated that the remand was for the sole purpose of considering the effect of the Court's holding in *Apprendi* upon the defendant's sentence. Accordingly, that is the only issue that we will, or should, address.

could convict if it was convinced beyond a reasonable doubt that Vazquez conspired "to possess and distribute cocaine." *Id* at 97. The court did not require proof beyond a reasonable doubt as to any specific quantity of cocaine. At the sentencing hearing, the 992 grams of powder cocaine and 859 grams of crack cocaine were attributed to Vazquez under the Sentencing Guidelines. The resulting sentence of 292 months imprisonment was the minimum of the resulting guideline range for the drug conspiracy. The judgment of conviction stated only that Vasquez "was sentenced for a conspiracy in violation of 21 U.S.C. § 846, with the object of distributing more than 5 kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A)." *Id* at 97.

Vazquez subsequently appealed his sentence arguing that the failure to require jury unanimity as to the quantity of drugs, based upon proof beyond a reasonable doubt, violated the holding in *Apprendi*. A divided *en banc* court disagreed. The majority and dissent agreed that the failure to have a jury determine the quantity beyond a reasonable doubt constituted error. The inquiry therefore focused on whether or not the failing constituted "plain error," since Vazquez, like Knight, had not objected.[2] In order for an error to constitute "plain error" "there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Vazquez,* 271 F.3d at 99 (brackets in original). However, even if a defendant can clear each of these three hurdles, we may grant relief only if the error

---

[2]As noted, the "default" provision authorizes a sentence of up to 20 years for conspiracy to distribute any amount of cocaine base. *Vazquez'* sentence of 24 years was therefore in excess of that default provision.

seriously affects the "fairness, integrity, or public reputation of judicial proceedings."

*Johnson v. United States*, 520 U.S. 461, 466-67 (1997).  The majority in *Vazquez*

concluded that Vazquez could not meet the fourth prong of a plain error inquiry.

Accordingly, even if he could satisfy the first three parts of the inquiry, he was not entitled

to relief.  In rejecting his request for relief, the majority noted:

> We assess Vazquez' challenge to his sentence by determining
> whether it would have been the same absent the failure to
> submit drug quantity for a jury determination.  We are
> confident that Vazquez' sentence would have been the same had
> the jury made the drug quantity finding.  In his case, the
> evidence established beyond a reasonable doubt that Vazquez
> had been involved with 992 grams of powder cocaine and 859
> grams of crack cocaine.  Indeed . . . there [had] never been any
> question about the amount.

*Id* at 104.

Vazquez would therefore have been subject to the same sentence "[s]olely on the basis of

the uncontested 992 grams of powder cocaine, . . ." attributable to him.  Under 21 U.S.C. §

841(b)(1)(B)(i)(I), that amount of cocaine subjected him to a sentence of 5 to 40 years.

Since the 24 year sentence that he received "fell within the statutory limits applicable to a

cocaine-only conspiracy given the drug amount established at trial, he could not 'show an

effect on his substantial rights'".  *Id* at 104.

Almost one and one-half years after we decided *Vazquez*, the Supreme Court

reached the same conclusion in *Cotton*. Cotton, like Knight, was charged with violating 21

U.S.C. §§ 846 and 841(a)(1).  Thereafter, the government returned a superseding

indictment expanding the time period of the charged conspiracy and adding additional

coconspirators. The superseding indictment charged Cotton only with conspiracy to distribute and possess with intent to distribute, "a 'detectable amount' of cocaine and cocaine base." 122 S. Ct. at 1783. The jury was instructed that it could convict Cotton so long as it was convinced beyond a reasonable doubt that he conspired to distribute or possess with intent to distribute the charged controlled substances. The court specifically informed the jury that "the amounts involved are not important." *Id*. Thereafter, the sentencing court made a finding of drug quantity that implicated the enhanced sentencing penalties contained in § 841(b)(1)(A) which authorizes life imprisonment for drug offenses involving "at least 50 grams of cocaine base." Some of the codefendants were sentenced to 30 years imprisonment, and others were sentenced to life imprisonment based upon the court's determination of the quantity of drugs involved. *Id* at 1783. That determination was based only upon a preponderance of the evidence. The defendants did not object to this finding in the district court. Thereafter, the Court decided *Apprendi* and the defendants asked the court of appeals to invalidate their sentences under the holding in that case. The court of appeals first noted the defendants' failure to raise the claim in the district court, and reviewed their appeal for plain error. The court held that the defendants had established plain error because the error affected the fairness, integrity, or public reputation of judicial proceedings. The Supreme Court reversed.

After noting that the failure to charge drug quantity in the indictment did not constitute a "jurisdictional" defect, the Court held that the defendants could not establish plain error "even assuming [defendants'] substantial rights were affected, . . . ." 122 S. Ct. at

6

1786. The Court reasoned that, given the evidence of the amount of drugs at trial, "the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id*. The Court noted:

> Evidence that the conspiracy involved at least 50 grams of cocaine base was overwhelming and essentially uncontroverted. Much of the evidence implicating respondents in the drug conspiracy revealed the conspiracy's involvement with far more than 50 grams of cocaine base.

*Id.* [footnote an internal quotation marks omitted]. The same is true here.

This jury's verdict clearly establishes that it was convinced beyond a reasonable doubt that Knight did conspire to possess with intent to distribute, and did distribute, cocaine base. His defense did not go to the amount of drugs involved. He argued that he was not involved in a conspiracy to distribute illegal drugs at all. The jury obviously rejected that argument. Accordingly, the jury credited testimony from coconspirators including evidence that Knight bought approximately 2 kilograms of cocaine base for between $21,000 to $25,000 per kilogram every ten days. In addition, Victor Calderone-Rodriguez testified that he was Knight's partner during the course of the conspiracy and that Knight gave him $50,000 a week to purchase 2 kilograms of crack cocaine during the course of the conspiracy. That testing, and other evidence of additional amounts of crack cocaine, was corroborated by telephone records, testimony from other conspirators, hotel records, and a search that was executed pursuant to a valid search warrant. Accordingly, there is no doubt whatsoever that the jury concluded beyond a reasonable doubt that Knight's conspiracy involved the distribution of more than 50 grams of cocaine base. That

7

is all that is necessary to trigger the maximum statutory penalty of life imprisonment.

Indeed, on this record, we can conclude with confidence that the 50 gram threshold authorizing life imprisonment pales in comparison to the vast quantity of drugs the jury concluded beyond a reasonable doubt that Knight actually distributed. Therefore, here, as in *Cotton*, "even assuming [defendant's] substantial rights were affected, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." 122 S. Ct. at 1786. Accordingly, we will once again affirm the judgment of sentence.

TO THE CLERK:

Please file the foregoing not precedential opinion.

By the Court,

/s/Theodore A. McKee

Circuit Judge