CLD-029                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3956
_____

IN RE:  CARL ANTHONY KNIGHT,
                                                    Petitioner
_____

Petition for Writ of Mandamus
(Related to WD/PA Criminal No. 98-cr-00003)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 4, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 15, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Carl Anthony Knight has filed a petition for a writ of mandamus, seeking to have

this Court dismiss the criminal charges for which he is serving a life sentence, or, in the

alternative, to grant an evidentiary hearing or new trial.  For the reasons that follow, we

will deny the petition.

        Knight was convicted in 1999 of conspiracy to distribute crack cocaine, and this

Court affirmed the conviction on direct appeal.  The Supreme Court granted Knight's

petition for a writ of certiorari, vacated this Court's order and remanded for further

consideration in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which had been decided since the time of this Court's decision. On remand, this Court determined that the failure to submit the issue of drug quantity to the jury did not constitute plain error, given the overwhelming evidence of vast quantities of drugs distributed in this case. <u>United States v. Knight</u>, C.A. No. 99-3667, 2002 WL 31429873, at *2-3, 50 F. App'x 565, 568-69 (3d Cir. Oct. 31, 2002). The Court also rejected Knight's attempt to raise issues outside of the remand order, including ineffective assistance of counsel claims. <u>Id</u>. at 566, n.1.

Knight then returned to District Court and filed a motion pursuant to 28 U.S.C. § 2255. Knight raised five issues related to drug type and quantity, and a sixth claim of ineffective assistance of counsel. The District Court held that Knight was not entitled to relitigate issues regarding drug type and quantity that had been raised on direct review, and that a claim that the prosecutor had engaged in misconduct by representing to the Court that the drug involved was "crack" as opposed to simply "cocaine base" was without merit and procedurally defaulted. The District Court considered Knight's ineffectiveness claims and denied them on the merits. This Court denied Knight's application for a certificate of appealability. <u>See</u> <u>United States v. Knight</u>, C.A. No. 09-1535 (3d Cir., order entered Oct. 21, 2009).

On September 30, 2010, Knight filed the instant mandamus petition challenging his criminal conviction and sentence. Knight seeks to raise claims pursuant to <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), alleging that his right to confront and cross-examine

2

certain witnesses at trial had been violated at trial; and seeks to raise a claim that a sentencing enhancement imposed by the trial court violated Apprendi.

A writ of mandamus is an extraordinary remedy which should be invoked rarely. See Kerr v. United States Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 402 (1976). Knight must show that he has an indisputable right to the writ and that there exists no other adequate remedy. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

A § 2255 motion is the presumptive means for a federal prisoner to challenge the fact or duration of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255(e). A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not "inadequate or ineffective" merely because the sentencing court previously denied relief or because the gatekeeping provisions of § 2255 make it difficult to pursue a successive motion. Id. at 539; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Upon thoroughly reviewing Knight's request, we find that he directly challenges the fact of his conviction and the duration of his sentence. He thus fails to show that there exists no other adequate remedy. We recognize that Knight would not now be entitled to file a second or successive § 2255 motion raising the instant claims. See 28 U.S.C. § 2255(h). However, as explained in Cradle, just because Knight cannot meet the

3

stringent standards of the revised § 2255 does not mean that he may now pursue his claims through a request for a writ of mandamus.

Accordingly, his petition for a writ of mandamus will be denied.