ALD-116                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3910
_____

UNITED STATES OF AMERICA

v.

CARL ANTHONY KNIGHT,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-98-cr-00003-002)
District Judge:  Honorable Maurice B. Cohill, Jr.// District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6

January 9, 2014

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 23, 2014)
_____

OPINION
_____

PER CURIAM

Carl Anthony Knight was convicted in 1999 for conspiracy to distribute crack

cocaine and was sentenced to life imprisonment.  See <u>United States v. Knight</u>, No. 99-

3667, 50 F. App'x 565 (3d Cir. 2002).  In 2013, he filed a motion to correct a purported

clerical error in his judgment order pursuant to Fed. R. Crim. P. 36, which provides that "the court may at any time correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission." Knight argued that his judgment correctly reflected that he was convicted for violating 21 U.S.C. § 846, but should also have indicated that he had been convicted of aiding and abetting in violation of 18 U.S.C. § 2. Knight did not contend that this omission had any effect on his conviction or sentence; rather, he argued merely that the judgment order should be "factually accurate upon its face." See United States v. Guevremont, 829 F.2d 423, 425 (3d Cir. 1987) (clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature") (quotation marks omitted).

The District Court determined—and we agree—that although Knight's co-defendants may have been charged with aiding and abetting, the sole count for which Knight was convicted was a violation of § 846. Thus, there was no error to correct in Knight's judgment, and the District Court properly denied his Rule 36 motion.[1] Because Knight's appeal of that denial presents no substantial question, we will summarily affirm. See 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We have not established in a precedential opinion the standard in this Circuit for reviewing the denial of a Rule 36 motion, but we need not do so today because we would affirm under any available standard.

2