

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# USA v. Percy Dillon

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Percy Dillon" (2009). *2009 Decisions*. Paper 1201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3397
_____

UNITED STATES OF AMERICA,

v.

PERCY DILLON,
                                       Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 93-cr-0084)
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2009

Before: FUENTES, JORDAN, and NYGAARD, Circuit Judges.

(Opinion Filed: June 10, 2009)

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Percy Dillon appeals the District Court's partial denial of his motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2). In 2008, the United States Sentencing

1

Commission amended the United States Sentencing Guidelines ("Guidelines"), retroactively reducing the base offense level for crack cocaine offenses. The District Court subsequently entered an order reducing Dillon's sentence by two-levels, but held that it lacked authority to reduce Dillon's sentence further. Dillon argues that the District Court erred in failing to recognize that United States v. Booker, 543 U.S. 220 (2005) gave it such authority. For the reasons that follow, we will affirm.

I.

If Booker did apply in proceedings pursuant to § 3582, Dillon would likely be an ideal candidate for a non-Guidelines sentence. In 1993, Dillon was convicted of conspiracy to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and possession with intent to distribute more than 500 grams of cocaine in violation of 18 U.S.C. § 841(a)(1).

At the time, the District Court calculated Dillon's offense level to be 38 and his criminal history category to be II. Dillon received two criminal history points; one for misdemeanor marijuana possession and one for misdemeanor resisting arrest. Thus, Dillon's Guidelines Range was 322 to 387 months.[1]

The District Court sentenced Dillon to the bottom of the Guidelines Range, 322

---

[1] This Guidelines Range includes the mandatory consecutive 60-month sentence for the firearms offense. See 18 U.S.C. § 924(c)(1).

months.  However, the District Court repeatedly stated that it was constrained by the Guidelines to impose what it believed to be an unreasonable sentence.  At Dillon's original sentencing hearing, the District Court noted: "I personally don't believe that you should be serving 322 months[, b]ut I feel I am bound by those Guidelines . . ."  App. at 99.  The District Court continued: "I don't say to you that these penalties are fair.  I don't think they are fair.  I think they are entirely too high for the crime you have committed even though it is a serious crime."  Id.  The District Court also noted that it believed Dillon's sentence to be unreasonable in its Statement of Reasons: "[T]he guidelines range is unfair to the defendant.  The Court, however, is bound by the guidelines range."  App. at 5.

Following the change in the crack cocaine offense level, Dillon filed a pro se motion for a sentence reduction.  The District Court recalculated Dillon's offense level to be 36 and reduced Dillon's sentence to 270 months.  Dillon argued that the District Court should apply Booker in resentencing him, but the District Court found that Booker did not apply and that it lacked jurisdiction to do grant more than a 2-level sentence reduction.

II.

A court generally may not modify a term of imprisonment once it has become final.  18 U.S.C. § 3582(c).  However, 18 U.S.C. § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994( o) . . . the court may reduce the term of imprisonment, after considering the factors

set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Booker, the Supreme Court concluded that the Sixth Amendment requires a jury to find the facts that establish a mandatory floor on a defendant's sentence. 543 U.S. at 229, 244. Following Booker, a sentencing court must calculate a defendant's Guidelines range, but may only use that range as a starting point for determining a reasonable sentence based on an individualized assessment of the factors set forth at 18 U.S.C. § 3553(a). Gall v. United States, 128 S.Ct. 586, 596-97 (2007). Dillon argues that a district court adjusting a sentence pursuant to § 3582(c) must also treat the amended Guidelines range as advisory, and impose a sentence based on the procedures set forth in the Booker line of cases.

We have held that Booker does not effect eligibility for a § 3582(c) sentence reduction. See, e.g., United States v. Doe, 564 F.3d 305 (3d Cir. 2009) (holding that defendants' who received substantial assistance departures below the statutory mandatory minimum were not eligible for reduction); United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) (holding that defendant sentenced based on career offender Guidelines Range was not eligible for reduction as a result of the crack cocaine amendment).

Though, we have not yet written precedentially on whether Booker gives a district court authority to give a defendant who is eligible for a sentence reduction under § 3582 an additional reduction, our reasoning in the eligibility cases also applies in this context.

4

In the context of <u>eligibility</u> for a § 3582 sentence reduction we explained that:

> Nowhere in <u>Booker</u> did the Supreme Court mention § 3582(c)(2). Because § 3582(c)(2) proceedings may only reduce a defendant's sentence and not increase it, the constitutional holding in <u>Booker</u> does not apply to § 3582(c)(2). <u>See</u> <u>Booker</u>, 543 U.S. at 244. Additionally, the remedial holding in <u>Booker</u> invalidated only 18 U.S.C. § 3553(b)(1), which made the Sentencing Guidelines mandatory for full sentencings, and § 3742(e), which directed appellate courts to apply a de novo standard of review to departures from the Guidelines. Therefore, <u>Booker</u> applies to full sentencing hearings–whether in an initial sentencing or in a resentencing where the original sentence is vacated for error, but not to sentence modification proceedings under § 3582(c)(2). Not only are sentence modification proceedings sanctioned under a different section of the statute than those at issue in <u>Booker</u>, but the <u>Booker</u> court held that "[w]ith these two sections excised (and statutory cross-references to the two sections consequently invalidated), the remainder of the Act satisfies the Court's constitutional requirements." <u>Booker</u>, 543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to § 3553(b) and therefore was not affected by <u>Booker</u>. Nor is there anything else in <u>Booker</u> that directly addresses § 3582(c) proceedings.
>
> . . . .
>
> Nothing in <u>Booker</u> purported to obviate the congressional directive in § 3582(c)(2) that a sentence reduction pursuant to that section be consistent with Sentencing Commission policy statements. The language of § 3582(c)(2) could not be clearer: the statute predicates authority to reduce a defendant's sentence on consistenc[y] with the policy statement, and the policy statement provides that a reduction is not consistent if the amendment does not have the effect of lowering the defendant's applicable Guideline range. The Guidelines are no longer mandatory, but that does not render optional statutory directives.
>
> . . . .
>
> Because U.S.S.G. § 1B1.10 is binding on the District Court pursuant to § 3582(c)(2), the District Court correctly concluded that it lacked the authority to further reduce the Appellants' sentences.

<u>Doe</u>, 564 F.3d at 312-14 (internal citations and quotation marks omitted). For the same

5

reasons, we conclude that <u>Booker</u> does not apply to the size of a sentence reduction that may be granted under § 3582(c)(2).

In doing so, we are joined by the overwhelming majority of our sister Courts of Appeals. <u>See</u> <u>United States v. Fanfan</u>, 558 F.3d 105 (1st Cir. 2009) (holding that <u>Booker</u> does not apply); <u>United States v. Dunphy</u>, 551 F.3d 247, 254 (4th Cir. 2009) (same); <u>United States v. Cunningham</u>, 554 F.3d 703, 705 (7th Cir. 2009) (same); <u>United States v. Starks</u>, 551 F.3d 839, 842 (8th Cir. 2009) (same); <u>United States v. Rhodes</u>, 549 F.3d 833, 840 (10th Cir. 2008) (same); <u>United States v. Melvin</u>, 556 F.3d 1190 (11th Cir. 2009) (same); <u>United States v. Savoy</u>, —F.3d—, 2009 WL 1457976, *2 (2d Cir. 2009), <u>but see</u> <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007) (holding that <u>Booker</u> abolished the mandatory nature of the Guidelines in all contexts).

Dillon also argues that the District Court erred in calculating his criminal history score. However, the District Court had no authority to reconsider its prior criminal history determination. <u>See, e.g.</u>, <u>Mateo</u>, 560 F.3d at 156.

III.

Because <u>Booker</u> does not apply in § 3582(c)(2) proceedings, the District Court did not err in denying Dillon's motion for a reduction below his new Guidelines Range. We will affirm the judgment of the District Court.

6