**UNITED STATES of America**

v.

**Carl Anthony KNIGHT, Appellant.**

**No. 09–1477.**

United States Court of Appeals,
Third Circuit.

Submitted on a Motion for
Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6 Oct. 9, 2009.

Opinion filed: Oct. 21, 2009.

Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, Marshall J. Piccinini, Esq., Office of United States Attorney, Erie, PA, for United States of America.

Carl Anthony Knight, White Deer, PA, pro se.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Carl Anthony Knight appeals from an order of the United States District Court for the Western District of Pennsylvania, which denied his motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Because no substantial question is presented by the appeal, we will grant Appellee's motion for summary action, and will affirm the District Court's judgment.

Knight's motions and supplements in the District Court argued that his sentence should be reduced due to Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), which concerns sentencing for convictions involving crack cocaine. He also argued that on resentencing, the District Court should consider the Guidelines to be advisory, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court determined that it lacked jurisdiction to reduce Knight's sentence, as Amendment 706 would not lower Knight's sentencing range. The District Court also rejected Knight's argument that on resentencing it would have discretion to impose a sentence that varied from the Guidelines range, and noted that even if it had such discretion, it would not exercise it to reduce Knight's sentence.

The District Court properly found that it lacked jurisdiction to reduce Knight's

sentence. Normally, a court may not modify a term of imprisonment once it is imposed. However, 18 U.S.C. § 3582(c)(2) creates a limited exception, noting that a court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The District Court properly held, citing U.S.S.G. § 1B1.10(a)(2)(B), that section 3582(c)(2) only applies if an applicable amendment lowers a defendant's sentencing range. Dist. Ct. Op., dkt. # 211 at 2–3; *see also United States v. Mateo,* 560 F.3d 152, 154 (3d Cir.2009). As the District Court noted, at the time Knight was sentenced, an offense involving greater than 1.5 kilograms of cocaine base (the highest amount listed in the Drug Quantity Table at the time) would be assigned a base offense level of 38. U.S.S.G. § 2D1.1(c) (1998). After amendment, an offense involving at least 1.5 kilograms but less than 4.5 kilograms of cocaine base is assigned a base offense level of 36, but an offense involving 4.5 kilograms or more of cocaine base is assigned level 38. U.S.S.G. § 2D1.1(c) (2008). As Knight's offense involved over 4.5 kilograms of cocaine base, the base offense level (and the resulting

final adjusted offense level) would not change.[1]

Knight argues that the only drug quantity the District Court should have considered is the 1.8 kilograms of cocaine base, referenced in paragraph 30 of his presentence report (PSR), which was the amount seized on the day of his arrest. He notes that the Guidelines calculation portion of the PSR states that the drug quantity was "in excess of 1.5 kilograms of cocaine base," *see* PSR ¶ 38, and then appears to conclude that this paragraph must refer only to the 1.8 kilogram amount referenced in paragraph 30. However, the PSR also notes that Knight "was responsible for the distribution of at least three kilograms of cocaine base a month in Erie." PSR § 41. Indeed, in an appeal after a remand for further consideration based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we stated that "the jury [that convicted Knight] credited testimony from coconspirators including evidence that Knight bought approximately 2 kilograms of cocaine base for between $21,000 to $25,000 per kilogram every ten days" over the course of the conspiracy.[2] *United States v. Knight,* 50 Fed.Appx. 565, 568 (3d Cir.2002). Because Knight's offense clearly involved over 4.5 kilograms of cocaine base, Amendment 706 did not change his sentencing range. The District Court thus properly held that it lacked jurisdiction to reduce Knight's sentence.[3]

---

**1.** Knight does not appear to dispute the District Court's calculations, *see* Dist. Ct. Op. at 4, that after adjustments, the final offense level would remain 43. Instead, Knight disputes the District Court's characterization of the drug quantity involved, and argues that the District Court should consider the Guidelines advisory on resentencing.

**2.** The superceding indictment charged a conspiracy taking place between January 1993 and November 14, 1997. PSR ¶ 6.

**3.** As the District Court lacked jurisdiction to consider Knight's motion, his argument regarding the application of *Booker* is moot. We note, however, that even if the District Court could have considered a reduction of sentence, our decision in *United States v. Dillon,* 572 F.3d 146 (3d Cir.2009) forecloses Knight's argument that *Booker* would apply to render the Guidelines advisory on resentencing. *Dillon,* 572 F.3d at 149.

For the foregoing reasons, we will grant the Government's motion and summarily affirm the District Court's judgment.[4]

---

**4.** Knight's motion to supplement the record is denied. We note that the material he submits was not before the District Court, and it is further irrelevant to the question of whether the District Court had jurisdiction to consider Knight's motion for a reduction of sentence.