OPINION
GARTH, Circuit Judge:
Jeffery Brooks appeals the District Court’s ruling on his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.
I.
In 2004, Brooks pled guilty to distribution, and possession with intent to distribute, crack cocaine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the District Court adopted a presentenee report that calculated an adjusted offense level of 25. This was computed by starting with the then-applicable base offense level of 28 for crimes involving at least 20 grams but less than 35 grams of crack cocaine, and then subtracting three levels for acceptance of responsibility. See U.S.S.G. § 2D1.1; 3E1.1. When combined with Brooks’ criminal history category of III, this yielded a guideline imprisonment range of 70-87 months. The District Court imposed a sentence including a 78-month term of imprisonment.
Following the United States Sentencing Commission’s retroactive amendment to the crack cocaine sentencing guidelines (“Amendment 706”), Brooks filed a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Brooks argued that, pursuant to Amendment 706, the District Court should recalculate his guidelines range by reducing his base offense level by two, resulting in a sentencing guidelines range of 57-71 months. Brooks further argued that, in conducting his resentenc-ing, the District Court should not be limited to a recalculation of his offense level, but should conduct a full review of his sentence under the framework established in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
The Probation Office and the government agreed that Amendment 706 rendered Brooks eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). On May 1, 2008, the District Court granted Brooks’ motion in part. Based on Amendment 706, the court calculated a new guideline range of 57-71 months and reduced Brooks’ sentence to 64 months, but denied Brooks’ request for a full resentencing, ruling that it lacked authority under § 3582(c)(2) to do so. Brooks then filed a notice of appeal.[1]
*588 II.
The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over the District Court’s interpretation of the sentencing guidelines and § 3582(c)(2). United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009).
III.
Brooks argues that because Amendment 706 lowered his guideline imprisonment range and rendered him eligible for a § 3582(c)(2) sentence reduction, the District Court should have conducted a full resentencing under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), pursuant to which the District Court might have further reduced his sentence. We rejected this argument in United States v. Dillon, 572 F.3d 146 (3d Cir.2009), where we held that “Booker does not apply to the size of a sentence reduction that may be granted under § 3582(c)(2).”[2] Id. at 149; see also United States v. Doe, 564 F.3d 305, 312-14 (3d Cir.2009) (holding that Booker does not affect eligibility for a § 3582(c)(2) reduction). In light of Dillon, the District Court did not err in concluding that Brooks was not entitled to a full resentenc-ing.
Brooks further argues that the District Court should be given an opportunity to amend the sentence in response to a recent change in the Department of Justice’s policy regarding the Sentencing Guidelines’ differential treatment of offenses involving crack cocaine and powder cocaine. This argument is meritless. 18 U.S.C. § 3582(c)(2) permits a sentence reduction only where a defendant “has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission.” Nothing in § 3582(c)(2) permits the District Court to alter a previously imposed sentence simply because the Department of Justice has announced a new or revised policy goal. See United States v. Miller, 348 Fed.Appx. 384, 386 (10th Cir.2009).
IV.
For the reasons given above, we will affirm the judgment of the District Court.

. Brooks' notice of appeal initially appeared to be untimely. We remanded to the District Court for a determination whether to treat the notice of appeal as a motion for extension of time to file a notice of appeal pursuant to Fed. R.App. P. Rule 4(b)(4). The District Court so construed the notice of appeal, and *588 granted the motion. Accordingly, the notice of appeal was timely filed.

. At the time Brooks filed his initial brief, we had decided Dillon as a nonprecedential opinion. Brooks acknowledged Dillon but urged us not to follow it. Appellant Br. 9-10, 14. One week after Brooks filed his brief, we granted a motion to publish Dillon as a prece-dential opinion. It therefore binds us and controls this case. Third Circuit I.O.P. 9.1.