NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 15, 2009
Decided January 4, 2010

**Before**

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 08-2749

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:00 CR 105 |
| EDDIE R. NALLS, JR., *Defendant-Appellant*. | James T. Moody, *Judge.* |

**O R D E R**

Eddie Nalls pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a).  After the Sentencing Commission retroactively reduced the offense level for most crack offenses, Nalls asked the district court to reduce his prison sentence.  *See* 18 U.S.C. § 3582(c).  The court refused on the ground that Nalls had sold more than 4.5 kilograms of crack, and thus could not benefit from the amendments.  Nalls appeals, arguing that the district court conducted improper factfinding to determine how much crack he had sold.  We affirm.

For approximately one year Nalls and several others sold crack for the Bronx Street Gang in Gary, Indiana.  In conjunction with the government's investigation of this activity,

Nalls decided to cooperate by preparing a statement describing the operation and his involvement. Following Nalls's guilty plea, the probation officer incorporated this cooperation statement into Nalls's presentence investigation report. The PSR described the operation of three crack houses in Gary, Indiana; each house sold approximately 84, 28, and 672 ounces of crack per month, respectively. According to the PSR, Nalls functioned as an overseer at two of the houses and worked regular shifts at the third. Based on this information as well as Nalls's statements regarding the time he spent at each house, the probation officer calculated that "[a]t the very least [Nalls] distributed or helped to distribute 59.53 kilograms of crack cocaine."

In April 2003 the court conducted Nalls's sentencing hearing. Nalls declined the opportunity to challenge the PSR, so the court adopted the factual findings and guidelines calculations it contained without any further discussion of the exact drug quantity attributable to Nalls. The court found that Nalls was responsible for selling more than 1.5 kilograms of crack cocaine, and thus he was subject to the highest base offense level under U.S.S.G. § 2D1.1. After an adjustment to account for cooperation with the government, *see* U.S.S.G. § 5K1.1, the court sentenced Nalls to 151 months' imprisonment.

In November 2007 the Sentencing Commission modified U.S.S.G. § 2D1.1, reducing the base offense level for most crack offenses by two levels and made that change retroactive. *See* U.S.S.G. supp. to app. C, 226-31, 253 (2009) (Amendments 706 and 713). When Nalls was sentenced, offenses involving 1.5 kilograms or more of crack cocaine were assigned the highest possible base offense level of 38. Under the amended guidelines, however, only offenses involving 4.5 kilograms or more of crack were assigned an offense level of 38. *See* U.S.S.G. § 2D1.1(c); *United States v. Hall*, 582 F.3d 816, 817 (7th Cir. 2009).

Shortly after the amendment was enacted, Nalls asked the district court to reduce his sentence under 18 U.S.C. § 3582(c), which allows a defendant to seek a sentence reduction if the sentence was based on a guidelines range that has subsequently been lowered. *See* U.S.S.G. § 1B1.10(a)(2)(B) (policy statement); *United States v. Lawrence*, 535 F.3d 631, 634 (7th Cir. 2008). The court denied the motion, finding Nalls ineligible for a sentence reduction because he was responsible for selling more than 4.5 kilograms of crack and therefore subject to the same total offense level under the amended guidelines.

On appeal Nalls challenges the district court's conclusion that he was responsible for distributing more than 4.5 kilograms of crack. He argues that at sentencing he was found to be responsible for the distribution of only 1.5 kilograms and that the court conducted impermissible factfinding to hold him responsible for more than 4.5 kilograms. Specifically, he faults the district court for relying on the cumulative drug quantities in the PSR, which

trace back to the three houses where Nalls and other gang members collectively sold crack cocaine, but do not reflect the quantities Nalls individually sold.

Nalls is correct that a § 3582(c) motion may not be decided by relying on new factual findings that are inconsistent with those made at the original sentencing, *see United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009); *see also United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); *United States v. Adams*, 104 F.3d 1028, 1030-31 (8th Cir. 1997), but here the district court considered no such facts. Instead, the court relied on the factual findings in the very PSR that formed the basis for Nalls's original sentence. These findings, to which there were no objections, adequately support a conclusion that Nalls was responsible for distributing more than 4.5 kilograms of crack cocaine. For more than a year, Nalls and other gang members ran three crack houses in Gary, Indiana, and through these operations, Nalls "distributed or helped to distribute 59.53 kilograms of crack cocaine." Although the PSR did not specify how much of the 59.53 kilograms Nalls individually sold, the court did not abuse its discretion—given the substantial quantities described in the PSR and Nalls's role as an overseer—in concluding that Nalls's contribution far exceeded the 4.5 kilogram threshold. *See Woods*, 581 F.3d at 533, 539 (denying § 3582(c) motion after finding that defendants distributed more than 4.5 kilograms of crack cocaine even though PSR did not attribute specific quantities to each defendant).

Nalls's attempt to undermine the PSR itself also falls short. He argues that, by describing drug quantities attributable to the three houses, the PSR does not hold him individually accountable for all the drug sales described in the PSR.[1] But Nalls waived his right to challenge the factual bases for his sentence by failing to challenge them at sentencing and by pleading guilty. *See, e.g.*, *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). In any event this argument is also factually erroneous: the PSR states that Nalls "distributed or *helped to distribute*" crack in quantities far exceeding the 4.5 kilogram threshold. That he only "helped to distribute" some of these drugs does not make that conduct irrelevant to his sentence. *See* U.S.S.G. § 1B1.3(a)(1); *United States v. Coleman*, 179 F.3d 1056, 1063 (7th Cir. 1999).

---

[1] Nalls also attempts to undermine the PSR by suggesting that the statements from the cooperation agreement constitute protected information. *See* U.S.S.G. § 1B1.8. By asserting this claim in a footnote and failing to develop it, Nalls has waived it. *See United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989). Moreover, even if the argument had been properly developed, it would still be waived because Nalls declined to exercise his opportunity to challenge the PSR when he was originally sentenced.

Finally, we deny counsel's request at argument that we hold this case in abeyance pending the Supreme Court's consideration of *United States v. Dillon*, 572 F.3d 146 (3d Cir.), *cert. granted* No. 09-6338, 2009 WL 2899562 (2009). The question certified in *Dillon* was whether a sentencing court, *after* determining that a defendant may be resentenced under § 3582(c), has discretion to sentence below the amended guidelines range. But Nalls was not eligible for a reduction under § 3582(c) because he sold more than 4.5 kilograms of crack. *See United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009), and *Dillon* will not disturb this conclusion. Because Nalls would have no opportunity to seek a discretionary sentence below the amended guidelines range, *Dillon* will not affect this case.

Nalls's uncontested PSR demonstrates that he was responsible for distributing well over 4.5 kilograms of crack cocaine, and he is thus ineligible for a reduced sentence under § 3582(c). The judgment of the district court is AFFIRMED.