OPINION
PER CURIAM.
Appellant Gregory L. Roberson, proceeding pro se, sought a reduction in his sentence of imprisonment pursuant to 18 U.S.C. § 3582(e), which the District Court denied. For the reasons that follow, we will summarily affirm.
In 2000, following a jury trial in the United States District Court for the Middle District of Pennsylvania, Roberson was convicted of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack) and cocaine, and distribution and possession with intent to distribute cocaine base (crack). The Court determined his base offense level to be 34, with a 4 level upward adjustment for his role as an organizer and leader, and a 2 level upward adjustment for possession of a dangerous weapon, for a total base offense level of 40, with a criminal history category of VI. This resulted in an imprisonment range of 360 months to life.[1] Roberson was sentenced to a total of 360 months’ imprisonment.
In 2007, the United States Sentencing Commission enacted Amendment 706, which lowered the base offense level for cocaine base (“crack”) offenses, and made the Amendment retroactive. Roberson thereafter filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that the sentencing court may modify a term of imprisonment:
in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in *237 section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
In determining whether a defendant’s sentence is eligible for such a reduction, the sentencing court is directed to “determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.” See U.S. Sentencing Guidelines § lB1.10(b).
In his motion, Roberson argued that with a two level reduction, his base offense level would be 32, resulting in a sentencing range of 210-262 months. However, Roberson’s calculation omitted the two upward departures, which actually place him at a total base offense level of 38. As both the Government and the Federal Public Defender explained to the District Court, under the new Sentencing Guidelines, Roberson remains in the same sentencing range. Accordingly, the District Court denied Roberson’s motion.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court’s interpretation of the Sentencing Guidelines de novo and its decision whether to grant or deny a defendant’s motion to reduce his sentence pursuant to § 3582(c)(2) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009).
In his opposition to possible summary action, Roberson argues that under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), not only are the sentencing guidelines advisory rather than mandatory, but so is the prescription of section 3582 that the sentencing range must have subsequently been lowered before a district court may consider re-sentencing a defendant. Despite Roberson’s assertion to the contrary, no court has held as much. In United States v. Hicks, 472 F.3d 1167 (9th Cir.2007), the Ninth Circuit held that, in the case of a defendant “whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),” the district court may treat the new sentencing range as advisory rather than mandatory in re-sentencing that defendant. See id. at 1170; but see United States v. Dillon, 572 F.3d 146, 149-50 (3d Cir.2009), cert. granted, — U.S. -, 130 S.Ct. 797, — L.Ed.2d - (2009). As we explained in Mateo, “[t]o be entitled to a reduction of sentence, a defendant’s sentencing range must have been lowered by recalculation based on the amended base offense level.” 560 F.3d at 154. Because Roberson’s sentencing range was not affected by Amendment 706, he is not eligible for a reduction in his sentence pursuant to Section 3582(c). Accordingly, the District Court properly denied Roberson’s motion for a reduction in sentence.
Based on the foregoing, we conclude that this appeal presents no “substantial question,” and will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

. According to the Government, while the guideline range is 360 to life, the upper range in this particular case was 1080 months, calculated by combining the statutory maximum sentence for each of the crimes of which Roberson was convicted.