**UNITED STATES of America**

v.

**Kenneth GOENAGA, a/k/a Kenny Kenneth Goenaga, Appellant.**

**No. 09–1071.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 14, 2010.

Filed: Feb. 5, 2010.

Martin C. Carlson, Esq., Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald A. Krauss, Esq., Lori J. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: AMBRO, CHAGARES, and STAPLETON, Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Kenneth Goenaga appeals the District Court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

## I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

Goenaga pled guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin and cocaine base (known as "crack cocaine"), in violation of 21 U.S.C. § 841(a)(1). At sentencing, the District Court found Goenaga's offense level to be 34, with a criminal history category of VI, yielding a Sentencing Guidelines range of 262 to 327 months of imprisonment. However, the offense contained a statutory maximum of 20 years, or 240 months.

Goenaga provided substantial assistance with the Government's investigation, and the Government submitted a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, recommending Goenaga receive a sentence of no more than 120 months. The District Court granted the Government's motion and adopted a downward departure to offense level 26, providing for a range of 120 to 150 months. The District Court then sentenced Goenaga to 120 months of imprisonment, finding that this sentence satisfied the statutory factors set forth in 18 U.S.C. § 3553(a).

After Goenaga's sentence was imposed, the Sentencing Commission enacted Amendment 706, which reduced the offense level for offenses involving crack cocaine by two levels. Goenaga submitted a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court calculated that his adjusted offense level

would be 32, yielding a Guidelines range of 210 to 240 months' imprisonment. Applying an equivalent § 5K1.1 downward departure yielded a range of 105–120 months. Goenaga argued that his sentence should be reduced to the bottom end of this range, 105 months, but the District Court declined to reduce Goenaga's sentence below the original sentence of 120 months.

In explaining its decision, the District Court first noted that the 120–month sentence fell within the newly calculated Guidelines range. It further explained that the "offense conduct described at the sentencing hearing ... was particularly troubling." Appendix ("App." 3). The court noted that Goenaga was "intimately involved in trafficking heroin and cocaine" in two different states, that a "number of individuals trafficked heroin on [his] behalf," and that "[s]everal victims overdosed and suffered serious injury after ingesting heroin attributed to [his] organization." App. 6–7. "Pursuant to § 1B1.10(b)(1)" and considering "the nature and seriousness of the offense" and "the danger defendant poses to the community," the District Court concluded that Goenaga's sentence did not warrant a reduction. App. 6.

Goenaga timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's legal interpretation of relevant statutes and Guidelines, and we review for abuse of discretion the District Court's ultimate ruling on a motion to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Mateo,* 560 F.3d 152, 154 & n. 2 (3d Cir. 2009).

■ Section 3582(c)(2) grants a sentencing court discretion to reduce the prison term of a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." 18 U.S.C. § 3582(c)(2). Such a reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Relevant to this case, the Sentencing Commission has stated that in considering a § 3582(c)(2) motion, the sentencing court "shall consider the nature and seriousness of the danger to ... the community that may be posed by a reduction in the defendant's term of imprisonment," along with the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10(b), cmt. n. 1(b)(i)–(ii).

■ The District Court properly evaluated the seriousness of Goenaga's offense and the potential risk to the community before determining that Goenaga's sentence should not be reduced any further. *See* App. 6–7. Goenaga contends that every aspect of the Sentencing Guidelines must be treated as purely advisory in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny. However, we have held that *Booker* does not apply to a § 3582(c)(2) resentencing. *United States v. Dillon,* 572 F.3d 146, 148 (3d Cir.2009), *cert. granted,* —— U.S. ——, 130 S.Ct. 797, —— L.Ed.2d —— (2009). Unlike in *Dillon,* the District Court in this case did not deny Goenaga's motion because it felt "bound by the guidelines range." *Id.* Rather, the District Court exercised its discretion and determined that Goenaga's sentence appropriately accomplished the goals of sentencing. The District Court did not misapply the law or abuse its discretion in denying Goenaga's motion for a reduction in sentence.

## III

For the foregoing reasons, we will affirm the judgment of the District Court.