OPINION OF THE COURT
PER CURIAM.
Barrington Clarke, a federal inmate, appeals from an order denying his motion for a reduction in sentence. We will affirm.
In 1990, Clarke and forty-one co-defendants were charged in a seventy-eight count indictment with, inter alia, drug distribution and conspiracy offenses. In 1991, a jury in the Eastern District of Pennsylvania convicted Clarke on counts of conspiracy to distribute cocaine and cocaine base, a RICO violation, distribution of cocaine, and aiding and abetting. The Probation Office prepared a pre-sentence report in which it attributed 37.5 kilograms of powder cocaine to Clarke. Under the Sentencing Guidelines effective November 1, 1987, Clarke was assigned a base offense level of 34 based on the weight of the powder cocaine. After various adjustments, his total offense level was 41. With a criminal history of Category III, the Guidelines sentencing range was 360 months to life in prison. The District Court adopted the Probation Office’s sentencing calculation and imposed a sentence of life in prison. This Court affirmed on direct appeal. Clarke’s various post-conviction filings were rejected.
In March 2009, Clarke filed a motion to reduce his sentence, arguing that his sentence should be lowered under 18 U.S.C. § 3582(c)(2) in light of “Amendments 706 and 711” to the Sentencing Guidelines, which retroactively decreased by two levels the base offense level for crack cocaine offenses. Assuming that his sentence could be lowered as a result of these retroactive amendments, Clarke further argued that he is entitled to a new sentencing proceeding under the advisory Guidelines in accordance with United States v. Book *364 er, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Clarke argued that the District Court should consider the disparity in the sentences of his co-defendants when imposing sentence at a new sentencing proceeding.
The District Court denied the § 3582(c)(2) motion, explaining that, because Clarke’s sentence was premised upon a Guidelines range calculated from a base offense level without any reference to quantities of crack cocaine, he is not entitled to a reduction in sentence under Amendments 706 and 711. Clarke timely filed this appeal. This Court has appellate jurisdiction under 28 U.S.C. § 1291. We review the decision to deny a sentence reduction under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 & n. 2 (3d Cir.2009).
“In November 2007, the Sentencing Commission amended the crack cocaine guidelines by revising a portion of the drug quantity table at § 2Dl.l(c).” Mateo, 560 F.3d at 154. Clarke argues that, “although his case involved 37.5 kilograms of cocaine, the mere fact that his sentence was based in part on the 2D1.1 Drug Table, [means] he meets the threshold to qualify for a reduction of his sentence. ...” Appellant’s Br. at 2. However, it is undisputed that Clarke was not sentenced under the portions of § 2D1.1 altered by Amendments 706 and 711. Further, while his indictment charged a conspiracy to distribute both cocaine and cocaine base, Clarke’s base offense level was predicated solely upon powder cocaine as a result of his early membership in the conspiracy. Because Amendment 706 did not alter the Guidelines for powder cocaine, Clarke is plainly ineligible for a reduction in sentence on that basis. See Mateo, 560 F.3d at 154-55 (explaining that defendant is not entitled to reduction when the amendment does not change overall Guidelines calculation).
Given his ineligibility for a reduction, there is no need to address Clarke’s additional arguments regarding Booker and his desire for a new sentencing proceeding under the advisory Guidelines to remedy what he perceives as the disparity reflected in his sentence. We note, in any event, that this Court has already rejected the argument that Booker can apply to sentence modification proceedings under § 3582(c)(2). See United States v. Doe, 564 F.3d 305, 313-14 (3d Cir.2009); see also United States v. Dillon, 572 F.3d 146, 149 (3d Cir.2009) (holding that “Booker does not apply to the size of a sentence reduction that may be granted under § 3582(c)(2)”).
Clarke’s argument that he was entitled to a modification in sentence under § 3582(c), rather than subsection (c)(2) of that provision, is without merit.
We will affirm the District Court’s judgment.