[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2010
JOHN LEY
CLERK

No. 09-16507
Non-Argument Calendar

_____

D. C. Docket No. 00-14078-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE COKUMOA ROUSE, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Rouse, III, proceeding *pro se*, appeals the district court's denial of his

18 U.S.C. § 3582(c) motion for a reduction in sentence.  We affirm.

In 2001, Rouse pleaded guilty to three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841. Although the amount of drugs involved resulted in a base offense level of 26, the district court determined Rouse to be a career offender, which increased his offense level to 34 and resulted in a sentencing range of 188 to 235 months' imprisonment. The court sentenced Rouse to 235 months' imprisonment.

In 2008, Rouse filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the guidelines that lowered the base offense level for crack cocaine offenses. The court denied the motion, determining that Rouse was ineligible for a reduction because he had been sentenced as a career offender. Rouse now appeals.

We review *de novo* a district court's legal conclusions about the scope of its authority under § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 965, *and cert. denied*, 129 S.Ct. 1601 (2009). Pursuant to § 3582(c)(2), a district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Rouse's arguments are foreclosed by our precedent. A defendant sentenced

as a career offender, whose guideline range was not based on the offense level for crack cocaine, is ineligible for a reduction under § 3582(c)(2). *Moore*, 541 F.3d at 1327 (holding that when a defendant was sentenced as a career offender under U.S.S.G. § 4B1.1, that defendant's base offense level under § 2D1.1 for his crack cocaine offense did not play a role in the calculation of the guidelines range and the amendments did not lower the applicable guideline ranges). Moreover, *United States v. Booker*, 543 U.S. 220 (2005) is inapplicable to § 3582(c)(2) motions.[1] *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

We are bound by decisions of prior panels of this court unless and until the holding is overruled by the Supreme Court or by this court sitting *en banc*. *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993). Therefore, we conclude the district court properly denied Rouse's § 3582 motion.

**AFFIRMED.**

---

[1] Rouse cites *United States v. Dillon* as support for his motion. *United States v. Dillon*, 572 F.3d 146 (3d Cir.), *cert. granted*, 130 S.Ct. 797 (2009). It does not appear that the issues presented in *Dillon* are applicable here. In any event, we remain bound by the decisions of prior panels until overruled.