MERRITT, Circuit Judge,
concurring in the result.
18 U.S.C. § 3582(c)(2)[1] provides that a sentencing court may reconsider and lower a sentence when the defendant’s earlier “sentencing range” has been lowered “if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission” and “after considering ... section 3553(a).... ” In this case, the defendant’s sentence rested on an original “sentencing range” based on (1) the quantity of crack cocaine possessed by defendant, (2) enhanced by 10 levels for his “career offender” status, and (3) reduced by 6 levels for substantial assistance. I believe that the district court recognized that it could reduce the defendant’s original sentence by 2 levels under the new crack cocaine guidelines, but decided, after reflection and reconsideration, that the original sentence of 140 months was the most “appropriate” sentence for Williams. I, therefore, concur in the majority’s decision to affirm the judgment below but disagree with the majority’s holding that the district court lacked the authority to reduce the defendant’s sentence. But I do not agree that the statute — which tells the court to consider section 3553(a) in the process — should be read to eliminate all judicial discretion.
*1127 The defendant’s plea agreement contained a stipulation that he possessed approximately 23 grams of cocaine base, which at the time of sentencing set the base offense level at 28 pursuant to U.S.S.G. § 2Dl.l(c)(6) (at least 20 but less than 35 grams of cocaine base). He also received a two-level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). The resulting adjusted offense level of 30 was reduced by 3 levels for acceptance of responsibility for a total offense level of 27, and then increased by 10 levels because defendant was found to be a “career offender” under U.S.S.G. § 4B1.1. With the 3-level reduction for acceptance of responsibility, his adjusted offense level was 34. Williams has a criminal history category of VI, which, when coupled with the offense level of 34, resulted in a sentencing range of 262-327 months. The government made a motion pursuant to U.S.S.G. § 5K1.1 for a 6-level downward departure in exchange for Williams’ substantial assistance, which resulted in an offense level of 28. An offense level of 28 combined with the criminal history category of VI resulted in a sentencing range of 140-175 months. The district court sentenced Williams at the bottom of the range to 140 months and 8 years of supervised release.
Williams subsequently requested the retroactive reduction in the base offense level for crack cocaine offenders and sought modification of his sentence under 18 U.S.C. § 3582(c)(2). When the defendant’s sentence was recalculated pursuant to the new crack guidelines, the recalculation memorandum reduced the total offense level from the 28 in the original calculation to 26, but found that the recalculation did not produce a lower guideline range due to defendant’s status as a career offender. Memorandum of Recalculation dated May 14, 2008 (Dist.Ct. R. 47). The district court subsequently denied the motion for modification in a brief order, stating that “Defendant received a ‘non-guideline’ sentence originally and the Court remains convinced it is an appropriate sentence.” Order dated Feb. 19, 2009 (Dist.Ct. R. 48).
The majority claims that “the district court sentenced [defendant] using the career offender guideline, rather than the crack cocaine guideline” and Williams, therefore, “would have been subject to the same sentencing range even if Amendment 706 existed at the time of his original sentence.... Accordingly, Williams’s sentence is not ‘based on a sentencing range that has subsequently been lowered by the Sentencing Commission.’ ” Maj. Op. at 1125 (citing to U.S.S.G. § 4B1.1, the career offender guideline). Citing language from the Third and Tenth Circuits, the majority concludes that the district court “lacked authority to reach the discretionary resentencing question.” Maj. Op. at 1126. Quoting from a Tenth Circuit opinion, United States v. Smartt, 129 F.3d 539, 541 (10th Cir.1997), the majority writes “Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant’s] request.” Maj. Op. at 1125.
The majority ignores the fact that the defendant’s guideline range was reached by consulting a number of different sentencing guidelines and policy statements, but the actual sentence originally imposed was decided by the district court, in its discretion, after looking at the range arrived at through calculation and all the factors listed in Section 3553(a). The district court undertook this duty and arrived at a sentence that was within the guideline range. After receiving defendant’s request for modification, the district court requested a recalculation of the guideline range and then, in its discretion, decided *1128 that the original sentence imposed should stand. The plain language of Section 3582(c) in no way prohibits such a reevaluation and, at the very least, it is ambiguous as to what the language “based on a sentencing range that has subsequently been lowered” refers when more than one guideline has come into play in arriving at the sentencing range.
To the extent that the majority relies on a policy statement or other language from the guidelines themselves, after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), all guideline provisions, including career offender status, are advisory and a sentence cannot be “driven by” a particular Guideline provision. Any interpretation of Section 3582(c) that permits the Sentencing Commission to mandate sentences must be rejected.[2] Moreover, any interpretation that reads any consideration of the principles of section 3553(a) entirely out of the process, seems inconsistent with the statutory language.
Whatever may be the law respecting the district court’s authority to resentence Williams to a shorter sentence in light of the two-level reduction afforded to crack offenders under the revised guidelines, the district court appears to have assumed that it had that authority and simply chose not to exercise it in this case because it believed the 140-month sentence was correct. The district court understood that the language from Section 3582(c)(2) states that to have his sentence lowered, a defendant’s original sentence must be “based on a sentencing range that has been subsequently lowered by the Sentencing Commission.” It recognized that the original sentencing range was a continuum based on the drug quantity adjusted by an enhancement based on defendant’s career offender status and then readjusted based on his substantial assistance. After considering the case, including its possible constitutional authority under Booker and statutory authority under section 3553(a), the district court exercised its discretion in favor of the original sentence. I see no error in this approach and would affirm the judgment on that ground.

. 18 U.S.C. § 3582(c)(2), Imposition of a Sentence of Imprisonment, states in relevant part:
(c) Modification of an imposed term of imprisonment. — The court may not modify a term of imprisonment once it has been imposed except that—
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
(Emphasis added.)

. The Supreme Court heard oral argument on. March 30, 2010, in a case that will decide whether Booker applies to Section 3582(c)(2) proceedings. United States v. Dillon, 572 F.3d 146 (3d Cir.2009), cert. granted,-U.S.-, 130 S.Ct. 797,-L.Ed.2d-(2009). The question presented in Dillon is: "Whether the Federal Sentencing Guidelines are binding when a district court imposes a new sentence pursuant to a revised guideline range under 18 U.S.C. § 3582?”