NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-3371

———————

UNITED STATES OF AMERICA

v.

LEROY JACKSON,
a/k/a Skip

Leroy Jackson,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-91-00570-014)
Honorable Eduardo C. Robreno, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
June 25, 2010

BEFORE:  SMITH, FISHER, and GREENBERG, Circuit Judges

(Filed:  June 30, 2010)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before the Court on appellant Leroy Jackson's appeal from

an order denying his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c). The District Court entered its order on July 29, 2009, in accordance with its memorandum opinion of that date in United States v. Jackson, Crim. No. 2-91-00570-014, 2009 WL 2256694 (E.D. Pa. July 29, 2009).

This case originated almost two decades ago when a grand jury indicted Jackson and certain other defendants and a jury subsequently convicted them in a drug conspiracy case involving their participation in the activities of an organization called the Junior Black Mafia. Following Jackson's conviction, the District Court calculated his total sentencing guidelines offense level at 42 which, when combined with his criminal history category of IV, yielded a guidelines range of 360 months to life imprisonment. The District Court sentenced Jackson to 360 months imprisonment and he then appealed. We, however, affirmed in an opinion on the defendants' consolidated appeal in United States v. Price, 13 F.3d 711 (3d Cir. 1994), in which, in addition to discussing all of their proffered bases for reversal, we included a particularized discussion of their sentences including that of Jackson. Id. at 733-34.

Following our affirmance of Jackson's conviction and sentence, the Sentencing Commission on November 1, 1994, adopted Amendment 505 to the sentencing guidelines which deleted base offense levels 40 and 42 and replaced them with level 38. As Jackson acknowledges, however, notwithstanding the amendment his sentencing guidelines range was not "reduced" as it remained at 360 months to life imprisonment. Nevertheless, he

2

sought a reduction in his sentence but the District Court denied his application in an order dated December 23, 1996, in which, among other reasons, the Court explained that a reduction was not warranted because "the applicable sentencing range is identical [i.e. 360 months to life imprisonment] regardless of the application of Amendment 505." App. at 87.

Thereafter on November 1, 2007, the Sentencing Commission adopted Amendment 706 to the sentencing guidelines reducing the disparities in sentencing attributable to the different types of cocaine involved in the offenses. By reason of that amendment Jackson moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) which permits a court to reduce a sentence if the "sentencing range" on which the sentence was based "has subsequently been lowered by the Sentencing Commission." Jackson's motion also included another request for a reduction under Amendment 505. The District Court denied his motion on the merits because Jackson's guideline range as originally determined remained unchanged as before and after both amendments the range was 360 months to life imprisonment. The Court also denied the motion to the extent that Jackson based it on Amendment 505 because the law of the case doctrine predicated on the Court's denial of Jackson's earlier reduction motion seeking a reduction in his sentence under Amendment 505 procedurally barred the motion. The Court then entered the order of July 29, 2009, and this appeal followed. The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(2) and we have jurisdiction under 28 U.S.C. §

3

1291. We are exercising plenary review on this appeal.

We will affirm the order of the District Court for the reasons it stated, though we observe that even if we omitted its law of the case analysis our result would be the same. In Jackson's brief he acknowledges that "[w]hile it is true that [his] guidelines range would not be reduced (that is it remains at 360-life) under either amendment, the applicable range was nevertheless 'lowered' in each case by being moved down the sentencing grid to a lower offense level." Appellant's br. at 11 (emphasis and internal quotation marks in original). We recognize that Jackson has advanced an intricate argument to support his contention even though the amendments obviously did not change his sentencing range. Nevertheless, our opinion in United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009), plainly requires that we reject his argument for in Mateo we explained that, as used in section 3582(c)(2), "[t]he term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)). As we have made clear, and as even Jackson acknowledges, nothing in the amendments resulted in any change in Jackson's guidelines range. Thus, our quotation from Mateo describes the situation here.

Finally, Jackson suggests in his brief that if the Supreme Court on the appeal then pending before it from our decision in United States v. Dillon, 572 F.3d 146 (3d Cir. 2009), reverses we will be required to remand this case. The Supreme Court since has

4

decided <u>Dillon</u> and has affirmed our judgment. <u>Dillon v. United States</u>, No. 09-6338, 2010 WL 2400109 (U.S. June 17, 2010). In any event, we are satisfied that the Supreme Court opinion in <u>Dillon</u> does not affect the result here.

For the foregoing reasons, the order of July 29, 2009, will be affirmed.