**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2349
_____

UNITED STATES OF AMERICA

v.

BRANDON THOMPSON,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. Action No. 2-04-cr-00130-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2011

Before: BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed: January 6, 2011)

_____

OPINION
_____

PER CURIAM

        Brandon Thompson appeals from an order denying his motion to reduce his

criminal sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).  We will affirm the District

Court's order.

I.

Thompson was indicted in May 2004, and pleaded guilty to possession of a firearm and possession with intent to distribute five or more grams of crack cocaine in violation of 18 U.S.C. §§ 922(g), 924(a)(2) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  He was sentenced to 120 months' imprisonment on Count One and 144 months' imprisonment on Count Two to be served consecutively.  Thompson filed an unsuccessful § 2255 motion, and then filed a motion pursuant to 18 U.S.C. § 3582(c)(2), arguing that his sentence could be lowered pursuant to Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which reduced the base offense level for most crack cocaine offenses.[1]  Thompson conceded that the District Court had found him to be a career offender, and that this Court in United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), had held that a defendant who had been sentenced based on the career offender Guidelines was not eligible for a reduction pursuant to Amendment 706.  However, Thompson noted that his sentence as a career offender would have been in the range of 188 to 235 months.  Because the District Court sentenced him to 144 months (a sentence within the 120-150 month range for a crack offense without the career offender enhancement), he argued that his sentence was sufficiently based on the crack range, and

---

[1] In 2007, the United States Sentencing Commission enacted Amendment 706, which lowered the base offense level for cocaine base ("crack") offenses, and made the Amendment retroactive.

a reduction under Amendment 706 was authorized.[2]

The District Court denied the motion. The Court stated that, at sentencing, it had "found defendant to be a career offender, but exercised its discretion to vary based solely upon the statements of the family." Dkt. 91, at 3. The Court cited Mateo, which held that a defendant sentenced as a career offender is not entitled to a reduction in sentence under § 3582(c)(2). The Court noted that U.S.S.G. § 1B1.10 provides that "a sentencing court may not reduce a defendant's sentence when a retroactive amendment, like here, does not result in lowering the applicable guideline range for the defendant." Dist. Ct. Op. at 4. The Court then stated that because it "exercised its discretion to vary downward from the applicable guideline range of 188 to 235 months based upon an application of the § 3553(a) factors," the court declined to vary below that point, "regardless of the new crack cocaine guidelines." Id.

Thompson, proceeding pro se, filed a timely appeal. The parties were asked to address, along with any other issues: (1) how or whether this appeal is affected by this Court's decision in United States v. Flemming, 617 F.3d 252 (3d Cir. 2010); and (2) which edition of the United States Sentencing Guidelines was applied in sentencing

---

[2] Thompson also argued that pursuant to United States v. Booker, 543 U.S. 220 (2005), the Court could do a full resentencing. Thompson asked that the motion be held pending the Supreme Court's decision in United States v. Dillon. The District Court rejected that request, relying on this Court's holding in Dillon that only the reduction authorized by the Amendment in question could be considered in a § 3582(c)(2) context. Dillon, 572 F.3d 146 (3d Cir. 2009). The Supreme Court affirmed this Court's decision on June 17, 2010, and thus this argument is not at issue in the appeal. Dillon v. United States, 130 S. Ct. 2683 (2010).

Thompson, and whether that affects the application of <u>Flemming</u> to this case.

## II.

In <u>Flemming</u>, this court held that a career offender who received a § 4A1.3 downward departure[3] under a pre-2003 edition of the Sentencing Guidelines was eligible for a sentencing reduction pursuant to § 3582(c)(2). Section 3582(c)(2) only authorizes a reduction if: "(1) the defendant's initial sentence [was] 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the sentence reduction [is] 'consistent with applicable policy statements issued by the Sentencing Commission.'" <u>Flemming</u>, 617 F.3d at 257, quoting <u>United States v. Doe</u>, 564 F.3d 305, 309 (3d Cir. 2009). The Court thus first considered whether Flemming's initial sentencing range was "based on" the sentencing range calculated under the Crack Cocaine Guidelines. At Flemming's sentencing, the District Court stated that "designating Mr. Flemming as a career offender overstates his criminal history," and that it would thus "depart from the criminal history record" and sentence him to 115 months' imprisonment on the drug counts (which was within the Crack Cocaine Guidelines). <u>Flemming</u>, 617 F.3d at 255-56. This Court found that the District Court "'actually used' the Crack Cocaine Guidelines range, rather than the Career Offender range, when it sentenced Flemming." <u>Id.</u> at 258. The Court concluded that Flemming thus satisfied the first requirement under § 3582(c)(2), in that his sentence was "based on a sentencing

---

[3] U.S.S.G. § 4A1.3(b) authorizes a downward departure if the "criminal history category substantially over-represents the serious of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ."

range that has been subsequently lowered by the Sentencing Commission."

The Court then turned to the "more complicated" question of whether Amendment 706 had the effect of lowering Flemming's "applicable guideline range." The Court noted that any sentence reduction under § 3582(c)(2) must be consistent with applicable policy statements issued by the Sentencing Commission. Among those statements is § 1B1.10, which provides that a sentence reduction based on a retroactive amendment is not consistent with that policy statement if the amendment "does not have the effect of lowering the defendant's *applicable guideline range.*" Id. at 260, quoting U.S.S.G. § 1B1.10(a)(2)(B), with emphasis added. The Court noted that the Sentencing Guidelines' Application Instructions prescribe four ultimate steps in determining a sentencing range. The Court held that the "applicable guideline range" is determined at the third step, but that the Application Instructions in the 2001 Guidelines were ambiguous as to whether a § 4A1.3 downward departure is applied at the first step or at the fourth step, after the "applicable guideline range" had already been set. The Court applied the Rule of Lenity, and resolved the ambiguity in Flemming's favor, with the result that Flemming would have an "applicable guideline range" that was not based on the career offender guidelines, making him eligible for a sentencing reduction.

The Court in Flemming discussed a 2003 Amendment to the Commentary for § 1B1.1, which added a definition of "departure" that "appears to indicate that a § 4A1.3 downward departure is a departure from, rather than to, the 'applicable guideline range,' as the commentary now states that a § 4A1.3 downward departure is applied 'in order to

effect a sentence *outside the applicable guideline range*.'" Flemming, 617 at 266,

quoting U.S.S.G. § 1B1.1 cmt. n. 1(E) (2003). The Flemming court noted that several

courts of appeals relied on this 2003 amendment in determining that a § 4A1.3 downward

departure has no effect on the "applicable guideline range." The Court noted that this

definition "may resolve th[e] ambiguity" of the step at which the § 4A1.3 departure is

taken, but declined to consider the 2003 amendment because Flemming had been

sentenced under the 2001 edition of the Guidelines. Id. at 266-67.

### III.

We review the Court's ultimate decision to deny the § 3582(c) motion for an abuse

of discretion. Mateo, 560 F.3d at 154. We conduct plenary review of the District Court's

interpretation of the law. Doe, 564 at 307 n.2. The Government argues here that the

District Court "paid little heed to the two predicate requirements of § 3582(c) and instead

went directly to the issue of whether, in the exercise of its discretion, a reduction was

warranted." Appellee's Brief at 21. We disagree that the District Court denied relief

solely in an exercise of discretion. We believe that the District Court considered the

requirements of § 3582(c), and found that Thompson was not eligible for a reduction.

See Dist. Ct. Op. at 3 (expressing disagreement with Thompson's argument that his

sentence was "sufficiently based on" the crack cocaine guidelines); Id. at 4 ("a sentencing

court may not reduce a defendant's sentence when a retroactive amendment, like here,

does not result in lowering the applicable guideline range for the defendant"). Thus, we

will first consider whether the District Court correctly found that Thompson was

ineligible for a reduction in his sentence.

We hold that Thompson is not eligible for a sentence reduction as a matter of law. First, Thompson was sentenced using the 2004 edition of the Guidelines. As we noted in Flemming, following the 2003 amendment to the § 1B1.10 commentary, a § 4A1.3 downward departure is a departure *from* the applicable guideline range. Thus, even if the District Court had granted a downward departure from the career offender guidelines, Thompson's "applicable guideline range" would still be the range defined by his career offender status, i.e., the range calculated before the departure was applied. The Career Offender guidelines were not affected by Amendment 706. Second, the District Judge here (who was also the sentencing judge), has stated that, rather than departing from the career offender guidelines, he varied the sentence after considering relevant factors pursuant to 18 U.S.C. § 3553(a). Section 3553(a) factors are considered *after* the applicable guideline range has already been determined. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). As Amendment 706 had no effect on Thompson's "applicable guideline range," the District Court properly found that Thompson was ineligible for a sentence reduction.[4]

---

[4] We thus need not consider whether Thompson's sentence was "based on" the crack cocaine guidelines.