

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2008

# USA v. McKinnon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. McKinnon" (2008). *2008 Decisions.* Paper 163.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/163

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5314

_____

UNITED STATES OF AMERICA

v.

MICHAEL MCKINNON

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00251)
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
OCTOBER 31, 2008

BEFORE: McKEE, NYGAARD, and SILER,* Circuit Judges.

(Filed:  December 4, 2008)

_____

OPINION OF THE COURT

_____

*Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court
of Appeals for the Sixth Circuit, sitting by designation.

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Michael McKinnon was convicted of three counts in a six-count indictment: Count One, distribution and possession with intent to distribute crack cocaine, cocaine hydrochloride, marijuana, and other controlled substances, in violation of 21 U.S.C. § 841(a)(1); Count Three, conspiracy to launder proceeds of the distribution of controlled substances, in violation of 18 U.S.C. § 1956(h); and Count Four, possession and use of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924. The District Court sentenced McKinnon to an aggregate sentence of forty years' imprisonment, five years' supervised release, a $1,000.00 fine and $300.00 special assessment.

On appeal, McKinnon raises three issues, all of which are meritless. McKinnon first argues that the Government violated his equal protection rights because it used peremptory challenges to intentionally exclude African-American venirepersons, based on their race. Next, McKinnon maintains that Count IV of the indictment was defective because it was duplicitous. Lastly, McKinnon submits that his sentence was unreasonable because the District Court failed to rule on each of his arguments for a lesser sentence. We will affirm.

A.

*Batson v. Kentucky,* 476 U.S. 79 (1986), created a three-step framework for judges to employ in determining whether a prosecutor has violated the accused's right to the equal protection of the law. We will go directly to the second step of the analysis.[1] At step two, the burden shifts to the Government to explain the racial exclusion by offering race-neutral reasons for the strikes. Here, our review of the record regarding the three challenged individuals — Gingrich, Manari and Polite — reveals that the Government prosecutor did not discriminate in exercising peremptory challenges. We give great deference to the District Court's decision to credit the prosecution's justification for striking these potential jurors. After reviewing the record, we cannot say the District Court's finding that the prosecutor had a nondiscriminatory motive for these potential jurors was "completely devoid of minimum evidentiary support displaying some hue of credibility." *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972).

## B.

McKinnon next argues that Count IV of the indictment was duplicitous — an argument he acknowledges he failed to present to the District Court. We have consistently held that we will not consider an issue such as this that is being raised for the

---

[1]  At the first step of the *Batson* analysis, any question regarding the existence of a prima facie showing of discrimination becomes moot where, as here, the prosecutor offers an explanation of the peremptory challenge before the district court expressly addresses the prima facie issue.

first time on appeal.  Accordingly, we decline to consider McKinnon's argument that his indictment was duplicitous.

C.

In reviewing criminal sentences we look for any significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. Second, using a reasonableness test, we look to see if the District Court abused its discretion. McKinnon's arguments primarily is that the District Court allegedly failed to specifically address certain of his arguments at the sentencing hearing.

McKinnon's counsel successfully argued for a sentence below the guideline range of life imprisonment.  The District Court listened, reviewed and discussed and rejected counsel's other arguments in support of a lesser sentence than it imposed.  The District Court's sentence was not unreasonable nor were its findings clearly erroneous.  Hence, we will affirm both the conviction and sentence.

4