**UNITED STATES of America**

v.

**Michael McKINNON, Appellant.**

No. 09–3372.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a), May 21, 2010.

Opinion Filed: June 28, 2010.

James T. Clancy, Esq., Christy H. Fawcett, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald A. Krauss, Esq., James V. Wade, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: FUENTES, HARDIMAN and NYGAARD, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge:

Michael McKinnon appeals from the District Court's ruling denying his motion

for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, we affirm the District Court's judgment.[1]

## I.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issue on appeal.

A jury convicted McKinnon of distributing and possessing with intent to distribute cocaine base, cocaine powder, and marijuana; conspiracy to commit money laundering; and possessing firearms in furtherance of drug trafficking. McKinnon's offense level was 43 and his criminal history category was V, resulting in a guideline range that included life imprisonment. McKinnon made no factual objections to the PSR. The District Court sentenced McKinnon to 480 months imprisonment, including: 396 months for the substantive drug offense, to be served concurrent to 240 months for the conspiracy, and 84 months for the firearms violation, to be served consecutively.

Based on the United States Sentencing Commission's retroactive crack cocaine amendment, McKinnon filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The District Court denied

McKinnon's motion, issuing an order stating:

> Initially, the defendant was facing a guideline range of life imprisonment. The court imposed a sentence outside the guidelines to meet sentencing goals but no greater than necessary. A forty year total term of imprisonment was the objective of the court. Since there was a mandatory 7 year consecutive sentence [on the firearms count], this court imposed a 33 year term on [the substantive drug offense], a 20 year concurrent term on the [conspiracy count], & a 7 year consecutive term on [the firearms count] for a total term of 480 months. This variance reflected the concern raised by the defendant at sentencing. No further reduction is warranted.

(App. 3)[2]

## II.

McKinnon contends that the District Court erroneously treated U.S.S.G. § 1B1.10(b)(2)(B) as mandatory in violation of *United States v. Booker*, which held that treating the Guidelines as conclusively binding violated a defendant's Sixth Amendment right to trial by jury. 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Recognizing that our prece-

---

1. The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291. While we review a district court's interpretation of the Sentencing Guidelines de novo, we review the court's ultimate sentencing determination for abuse of discretion. *See United States v. Mateo*, 560 F.3d 152, 154 (2009).

2. The Government contends that we need not reach McKinnon's constitutional issue because "there is no reason to believe the district court denied [McKinnon's] sentence reduction in mandatory reliance on section 1B1.10(b)(2)(B)." Appellee's Br. at 23. The U.S. Probation Office recommended that

U.S.S.G. § 1B1.10(b)(2)(B) counseled against application of Amendment 706 since McKinnon's sentence constituted a non-guideline sentence pursuant to § 3553(a) and *Booker*. *See* Addendum on Defendant Requesting Sentence Reduction, at 3 (July 15, 2009). Although it did not explicitly state that it treated U.S.S.G. § 1B1.10(b)(2)(B) as mandatory, the language used by the District Court to deny McKinnon's motion mirrors the Policy Statement's language. Therefore, for the purposes of disposing of McKinnon's appeal only and absent any indication to the contrary, we assume that the District Court treated U.S.S.G. § 1B1.10(b)(2)(B) as mandatory.

dent in *United States v. Dillon*, 572 F.3d 146 (3d Cir.2009) clearly forestalled this argument, McKinnon nonetheless preserved this issue for appeal in light of the Supreme Court's grant of certiorari in *Dillon*. We held the case C.A.V. pending the Supreme Court's resolution of that case.

Recently, the Supreme Court affirmed our ruling in *Dillon*, holding that *Booker*, "which rendered the Guidelines advisory to remedy the Sixth Amendment problems associated with a mandatory sentencing regime, [does not] require[ ] treating § 1B1.10(b) as nonbinding." *Dillon v. United States*, —— U.S. ——, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010). Specifically, the Court ruled that a sentence modification pursuant to § 3582(c)(2) was not "constitutionally compelled" and merely represented a "congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.* at 2692. In turn, the Supreme Court rejected Dillon's characterization of a § 3582(c)(2) proceeding as a "re sentencing." *Id.* at 2690. In light of *Dillon*, it is clear that the District Court did not err by treating U.S.S.G. § 1B1.10(b)(2)(B) as mandatory when it denied McKinnon's motion for a sentence reduction.

### III.

For the foregoing reasons, we affirm the judgment of the District Court.