CLD-163                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4631
_____

UNITED STATES OF AMERICA

v.

MICHAEL MCKINNON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1:03-cr-00251-005)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed May 3, 2012)
_____

OPINION
_____

PER CURIAM

        Michael McKinnon, a federal prisoner proceeding pro se, appeals from the District

Court's denial of the latest of his several challenges to his sentence.  For the reasons that

follow, we will summarily affirm.

I.

In 2004, McKinnon was convicted of the following in the District Court: (1) distribution and possession with intent to distribute cocaine base ("crack"), cocaine hydrochloride, and marijuana; (2) conspiracy to commit money laundering; and (3) possession of firearms in furtherance of, and during and in relation to, a drug trafficking crime. In December 2005, the District Court sentenced him to 40 years' imprisonment, which was below the advisory range set forth under the United States Sentencing Guidelines.[1] We affirmed the judgment of sentence on direct appeal, see United States v. McKinnon, 301 F. App'x 117, 119 (3d Cir. 2008), and the United States Supreme Court subsequently denied McKinnon's petition for a writ of certiorari.

In late 2008, McKinnon, proceeding pro se, moved the District Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that a reduction was warranted in light of Amendment 715 to the Guidelines.[2] That amendment, which became effective on May 1, 2008, and was made retroactive by Amendment 716, applied Amendment 706's two-level reduction of the base offense level for crack offenses to offenses that involved both crack and at least one other controlled substance. See U.S.S.G. app. C., amends. 715-16 (Supp. May 1, 2008); United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) (summarizing Amendment 706). On July 31, 2009, the District Court denied McKinnon's motion, stating that

---

[1] McKinnon's advisory sentencing range under the Guidelines was life imprisonment.
[2] McKinnon was subsequently appointed counsel for the purposes of this motion.

> [i]nitially, the defendant was facing a guideline range of life imprisonment. The court imposed a sentence outside the guidelines to meet sentencing goals but no greater than necessary. . . . This variance reflected the concern raised by the defendant at sentencing. No further reduction is warranted.

(Dist. Ct. Order entered July 31, 2009.) We subsequently affirmed the District Court's judgment. See United States v. McKinnon, 385 F. App'x 216, 218 (3d Cir. 2010).

In June 2010, McKinnon, proceeding pro se, moved the District Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising a number of claims. The District Court denied that motion on the merits in May 2011, and we later denied his related application for a certificate of appealability. See C.A. No. 11-3246.

On October 31, 2011, the District Court received two more pro se filings from McKinnon — one titled "Motion To Reconsider[] This Court's Order Of July 31, 2009 Denying Relief Pursuant To 18 U.S.C. § 3582(c)(2)," and the other titled "Motion To Make Additional Findings Of Fact In Support Of Amending/Altering The July 31, 2009 Order." In those motions, McKinnon alluded to, inter alia, the Guidelines' crack-to-powder cocaine differential. On November 9, 2011, the court issued an order addressing the two motions. The court stated that McKinnon had not appealed from its July 31, 2009 order, and that his request for reconsideration of that order was untimely. The court also stated that "[i]t is unclear whether McKinnon is actually seeking consideration of a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act of 2010 (Amendment 750 to the United States Sentencing Guidelines). This Act was made

3

retroactive pursuant to 28 U.S.C. § 994(u)."[3]  (Dist. Ct. Order entered Nov. 9, 2011.)  As a result, the court directed him to "submit a clarification regarding his motions."  (Id.)

On November 25, 2011, the District Court received McKinnon's response to its order for clarification.  This new filing, titled "Motion To Clarify Defendant's October 31, 2011's Motions To Construe and Apply This Court's Earlier Judgment and A Later Inconsistent Order," "[e]mphatically" objected to treating his two October 31, 2011 motions as a § 3582(c)(2) motion to reduce his sentence based on Amendment 750. McKinnon indicated that, instead, he wanted the District Court to "construe and apply its December 5, 2005 Judgment under 18 U.S.C. § 3553(c)'s specifications, i.e., to determine whether the July 31, 2009 Order 'incurred' the 'risk of inconsistent judicial determination(s).'"

On December 13, 2011, the District Court denied McKinnon's three pending motions as untimely.  In doing so, the court stated that his latest motion "does not enlighten the court as to the problem he believes exists with this sentencing.  The court notes that McKinnon has been granted liberal opportunities to file motions for reconsideration.  McKinnon did not file an appeal of either the April 21, 2009 or the July

---

[3] The Fair Sentencing Act ("FSA") modified the statutory penalties for crack offenses by reducing the crack-to-powder cocaine sentencing ratio from 100:1 to approximately 18:1. See United States v. Dixon, 648 F.3d 195, 196-97 (3d Cir. 2011).  Amendment 750, which amended the Guidelines in accordance with the FSA, became both effective and retroactive on November 1, 2011.  See U.S.S.G. app. C., amends. 750, 759 (Supp. Nov. 1, 2011).

31, 2009, orders."[4] (Dist. Ct. Order entered Dec. 13, 2011.)

McKinnon now seeks review of this latest District Court judgment.[5]

## II.

Like the District Court before us, we find McKinnon's three motions to be lacking in clarity. To the extent he seeks to attack his judgment of sentence, he has already done so, both on direct appeal and on collateral review, and he may not do so again here. Nor may he relitigate his challenge to the District Court's July 31, 2009 denial of his motion to reduce his sentence. And as he made clear in his motion to clarify, he is not seeking to reduce his sentence in light of the FSA-related amendments to the Guidelines. In short, none of his three motions demonstrates that his sentence should be disturbed. Accordingly, the District Court did not err in denying these motions.[6]

Since this appeal does not present a substantial question, we will summarily affirm the District Court's December 13, 2011 order. See 3d Cir. I.O.P. 10.6.

---

[4] The April 21, 2009 order referenced by the District Court amended aspects of McKinnon's judgment of sentence that are not relevant here.

[5] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and may affirm the District Court's judgment on any basis supported by the record. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam).

[6] Although the District Court incorrectly stated that McKinnon had not appealed from its July 31, 2009 order, that mistake is harmless.