NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1141
_____

UNITED STATES

v.

ELDRIDGE CLARK,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 99-CR-00274)
District Judge:  Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2010

_____

Before: RENDELL, JORDAN, and GREENAWAY, JR., Circuit Judges

(Opinion Filed: August 26, 2010)

_____

OPINION

GREENAWAY, JR., Circuit Judge

Eldridge Clark appeals from the judgment of the United States District Court for

the Middle District of Pennsylvania denying his motion for a reduction of sentence,

pursuant to 18 U.S.C. § 3582(c)(2).  In denying Clark's § 3582(c)(2) sentence reduction

motion, the District Court determined that it lacked authority to reduce Clark's sentence under United States v. Mateo, 560 F.3d 152 (3d Cir. 2009). We will affirm.

## I. BACKGROUND

We write solely for the benefit of the parties and recount only the essential facts. On December 30, 1999, Clark pled guilty to Count I of the indictment, which charged him with distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

Prior to Clark's sentencing, the Probation Office prepared a Presentence Investigation Report that calculated Clark's total offense levels under both the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") provisions for career offenders ("Career Offender Guidelines"), pursuant to U.S.S.G. § 4B1.1, and under the crack cocaine Guidelines (the "Crack Cocaine Guidelines"), pursuant to the drug quantity table in U.S.S.G. § 2D1.1(c). Under the Career Offender Guidelines, Clark's total offense level was 31. Under the Crack Cocaine Guidelines, his total offense level was 33.

The parties disagreed as to certain sentence enhancements that were potentially applicable to the Crack Cocaine Guidelines calculation. At sentencing, the District Court noted that the parties' factual disagreements as to the enhancements were "moot." Based on a review of Clark's sentencing transcript, it appears that the District Court applied the Career Offender Guidelines because, had the District Court ruled in Clark's favor on the disputed enhancements pertinent to the Crack Cocaine Guidelines, the Career Offender

2

Guidelines would have resulted in the greater total offense level.[1] Clark raised no objection to his career offender status. In fact, in his presentencing submission to the District Court, he indicated his belief that the District Court should apply the Career Offender Guidelines. During sentencing, Clark's counsel urged that the total offense level should be 31 because Clark was a career offender.

The District Court calculated Clark's total offense level to be 31 and his criminal history category to be VI, which produced a Guidelines sentencing range of 188 to 235 months. On May 15, 2000, the District Court sentenced Clark to a term of imprisonment in the middle of the then-mandatory Guidelines range—200 months.

On March 7, 2008, Clark filed a pro se motion to reduce his sentence under § 3582(c)(2). The District Court appointed counsel, who submitted a supplemental brief on Clark's behalf. The District Court denied Clark's § 3582(c)(2) motion. On the Order Regarding Motion for Sentence Reduction, the District Court filled in the "original" and the "amended" Guidelines range with the identical range applied in the May 15, 2000 sentencing—188 to 235 months. The District Court, citing to our decision in United States v. Mateo, 560 F.3d 152, 154 n.1 (3d Cir. 2009), noted that it lacked authority to

---

[1]  U.S.S.G § 4B1.1 instructs that a district court apply the career offender offense level, instead of the drug offense calculation, if the career offender offense level results in a greater offense level. Neither party contends that the District Court was without authority to apply the career offender offense level although it resulted in a lower offense level.

reduce Clark's sentence. Clark filed a timely appeal.

## II. JURISDICTION and STANDARD OF REVIEW

The District Court had jurisdiction over the underlying criminal case, pursuant to 18 U.S.C. § 3231. Our jurisdiction arises under 28 U.S.C. § 1291. We exercise de novo review of a district court's interpretation of the Guidelines, Mateo, 560 F.3d at 154, and a district court's determination of its own authority to reduce a sentence, United States v. Sanchez, 562 F.3d 275, 277-78 & n.4 (3d Cir. 2009), cert. denied, 130 S.Ct. 1053 (2010). We review a district court's ultimate decision to grant or deny a defendant's motion to reduce his sentence for abuse of discretion. Mateo, 560 F.3d at 154; see also 18 U.S.C. § 3582(c)(2) (stating that a district court, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered," may reduce the defendant's sentence "after considering" section 3553(a) factors and policy statements issued by the Sentencing Commission).

## III. ANALYSIS

In Clark's appellate brief, he does not specifically assert that his sentence was "based on" the Guidelines section applicable to crack cocaine offenses. See 18 U.S.C. § 3582(c)(2) (permitting courts to reduce a defendant's sentence if the "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); see U.S.S.G. app. C., amend. 706 (2007), made retroactive by amend. 713 (2008) (amending the drug quantity table for U.S.S.G. § 2D1.1)

4

(hereinafter "Amendment 706"). Clark, nevertheless, appears to reiterate his contention that his sentence should be reduced as a result of the retroactive two-level reduction of the base offense level calculation for crack cocaine offenses, available under Amendment 706. (Appellant's Br. 13) ("[T]his Court should . . . remand with directions to grant the motion—permitting Clark to receive the benefit of the two-level reduction . . . .").

Clark also preserves his argument that the District Court denied him a full resentencing, and improperly treated the Guidelines as mandatory. See United States v. Booker, 543 U.S. 220, 245 (2005) (excising the provision, 18 U.S.C § 3553(b)(1), that made the Guidelines mandatory). Specifically, Clark maintains that, under Booker, the District Court must, at a minimum, consider whether the sentencing factors enumerated in 18 U.S.C. § 3553(a) warrant a reduction of Clark's sentence. See id. at 245 (determining that courts may "tailor the sentence" in consideration of the sentencing factors listed in § 3553(a)).

It is unclear from Clark's submission whether Clark contends that Booker permits the District Court to further reduce his sentence, if he is eligible for a § 3582(c)(2) sentence reduction, or to independently reduce his sentence, regardless of his eligibility under § 3582(c)(2). As the Government correctly notes, we cannot address Clark's appeal without assessing, in the first instance, whether Clark is statutorily eligible for a sentence reduction, pursuant to his § 3582(c)(2) motion.

A district court's jurisdiction to correct or modify a defendant's sentence is limited

5

to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582. Generally, "a judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment." 18 U.S.C. § 3582. Congress provides a limited exception to this rule of finality, in § 3582(c)(2), by permitting a district court to reduce a defendant's sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[2]

In examining the issue of statutory eligibility for sentence reduction, we rely on our decision in Mateo. In that case, we observed that "[t]o be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level." 560 F.3d at 154 (emphasis deleted). The crack cocaine amendment, Amendment 706, only applies to sentences based on the drug quantity table and does not apply to sentences based on the Career Offender Guidelines. Id. at 155 ("Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career

---

[2] This Court has identified two requirements for a § 3582(c)(2) sentence reduction: "(1) the defendant's initial sentence must have been 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Fleming, --- F.3d ---, 2010 WL 2902725, at *3 (3d Cir. July 27, 2010) (quoting § 3582(c)(2)). We need not discuss the second statutory requirement because Clark is unable to satisfy the first statutory requirement. See United States v. Doe, 564 F.3d 305, 312-14 (3d Cir. 2009) (noting that statutory directives pertaining to sentencing are not "optional" even though "[t]he Guidelines are no longer mandatory").

offender level required by § 4B1.1.").

Because the Sentencing Commission has not lowered the sentencing range applicable to career offenders under U.S.S.G. § 4B1.1(b), id., the District Court correctly determined that a sentence reduction in Clark's term of imprisonment was unwarranted.

Rather than focusing on his statutory eligibility for a sentence reduction under § 3582(c)(2), Clark contends that "the District Court's ruling that no further sentence reduction was warranted for Clark denied him a full resentencing under United States v. Booker, and erroneously treated the Sentencing Guidelines as mandatory." (Appellant's Br. 2.)

Clark, however, concedes that this Court has rejected this argument in United States v. Dillon (Dillon I), 572 F.3d 146 (3d Cir. 2009). In Dillon I, we "conclude[d] that Booker does not apply to [the] size of a sentence reduction that may be granted under § 3582(c)(2)." 572 F.3d at 149. We determined that the lower court properly ruled that it lacked authority to further reduce the defendant's amended Guidelines range. Id.

Since the filing of Clark's appeal, the Supreme Court affirmed Dillon I in Dillon v. United States (Dillon II), --- U.S. ---,130 S.Ct. 2683 (2010). In Dillon II, the Supreme Court reasoned that, "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or a resentencing proceeding. Instead it provides for the modif[ication of] a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." 130 S.Ct. at 2690 (alteration in original

7

and quotation marks omitted).  The Court emphasized that "the provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission."  Id.

The Dillon precedents address the degree of reduction available to defendants who are statutorily eligible for a sentence reduction.  Because Clark cannot establish that he is statutorily eligible for any sentence reduction under § 3582(c)(2), Clark's discussion of a "further reduction" is to no avail, and Dillon I and Dillon II are inapposite.  Thus, the District Court properly determined that Booker did not provide the District Court authority to reduce Clark's sentence at all.

## III.  CONCLUSION

Based on the foregoing, we will affirm the District Court's judgment.