NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1658
_____

UNITED STATES OF AMERICA

v.

RASOOL HINTON,
a/k/a SU

Rasool Hinton,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 08-cr-00445-005)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2010
_____

Before: BARRY, CHAGARES and VANASKIE, Circuit Judges

(Filed: November 23, 2010 )
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

After pleading guilty to distributing crack cocaine, Rasool Hinton was sentenced to seventy months' incarceration, the very bottom of the Guidelines range, and ten months above the statutory mandatory minimum. Hinton now appeals. We will affirm.

## I. Background

On June 30, 2008, a grand jury returned a nine-defendant, twenty-count indictment in which Hinton was charged with six narcotics-related counts. On August 10, 2009, he entered a plea of guilty to Count Eleven: distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2. In his plea agreement, he stipulated that his offense and relevant conduct involved between 35 and 50 grams of cocaine base. Count Eleven carried a statutory mandatory minimum of five years' incarceration.

In the Pre-Sentence Report, Hinton's base offense level was calculated to be 28, and adjusted for acceptance of responsibility, the total offense level was 25. With a criminal history category of III, his Guidelines sentencing range was 70 to 87 months. He did not contest these calculations, but asked the District Court to impose the five-year mandatory minimum. The Court declined to do so, sentencing him to seventy months. He appealed.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

When reviewing a sentence on appeal, we first ensure that the sentencing court did not commit a serious procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range [or] treating the Guidelines as mandatory." *Gall v. United States*, 552 U.S. 38, 51 (2007).  We then "review the substantive reasonableness of the sentence under an abuse-of-discretion standard," while keeping in mind that "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

## III.  Analysis

Hinton argues that the District Court erred in (1) treating the Guidelines as mandatory or presumptively reasonable, (2) failing to sufficiently consider his personal history and characteristics, and (3) imposing a substantively unreasonable sentence.  His arguments are without merit.

### A.  Treating the Guidelines as Mandatory or Presumptively Reasonable

Hinton argues, first, that the District Court erred in treating the Guidelines as either mandatory or presumptively reasonable.  At sentencing, the Court was explicit about the role of the Guidelines in its sentencing determination:

3

> First of all, before we go any further, lest there be any confusion about this, I recognize I do have the discretion to engage in departures, variances, and adjustments. . . .
>
> Therefore, I state for the record that I do understand and recognize the Court does have the discretion to engage in a departure based on a traditional guidelines theory, such as the overstatement of one's criminal history, or under a more traditional approach where we would call it a variance or an adjustment based upon certain facts in the case.
>
> With respect to the . . . argument made by counsel that I ought to do something about the debate over the disparity in sentencing between powder cocaine and crack cocaine, the fact of the matter is that unless and until the guidelines change and unless and until the statutes change, the law has to be taken as we find it. Particularly where one takes into account the fact that we have a five-year mandatory minimum, that I feel I do not have the discretion to go below absent the 5K1 type letter from the Government, I'm constrained to use that as the starting point.
>
> Insofar as there is among professionals and academics a debate, good faith debate over the methodology in approaching sentencing for crack cocaine, unless as I say, unless and until that is changed, in statute or in the Guidelines, I choose not to exercise any discretion with respect to it.

(App. 83-84.)

Hinton focuses on the District Court's statement that "the law has to be taken as we find it" to argue that the Court improperly treated the Guidelines as mandatory or presumptively reasonable. That is simply not so. For one thing, the record is abundantly clear that the Court understood that the Guidelines were not mandatory. As it correctly stated, "I do have the discretion to engage in departures, variances, and adjustments." It also made clear that it was "choos[ing]" not to exercise its discretion to impose a below-Guidelines sentence. Thus, "[r]ead as whole, the Court's remarks at sentencing show that

4

it understood that it could sentence [Hinton] outside the Guidelines range but chose not to." *Wise*, 515 F.3d at 222; *cf. United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006) ("Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing Guidelines are now advisory.").

Even where a district court does not treat the Guidelines as mandatory, however, it may still err if it presumes that they will lead to a reasonable sentence. *See Nelson v. United States*, 129 S. Ct. 890, 892 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable."). Nothing in the record, however, suggests that the District Court viewed the Guidelines in this way. Rather, the record is clear that after calculating the Guidelines range under the existing law (taken, as the Court noted, "as we find it"), the Court conducted its own independent review of the Section 3553(a) factors to ensure that the sentence imposed was reasonable. Far from being error, this is exactly the procedure that district courts have been instructed to follow. *See, e.g.*, *United States v. Dillon*, 572 F.3d 146, 148 (3d Cir. 2009) ("Following *Booker*, a sentencing court must calculate a defendant's Guidelines range, but may only use that range as a starting point for determining a reasonable sentence based on an individualized assessment of the factors set forth in 18 U.S.C. § 3553(a).").

At bottom, Hinton is not arguing that the District Court erred in believing that the Guidelines would presumptively lead to a reasonable sentence in his case; rather, he is arguing that the Court erred in believing that the Guidelines would presumptively provide

an acceptable starting point in any case.[1] In other words, Hinton argues that the Court should have rejected the crack Guidelines as inequitable before considering how 18 U.S.C. § 3553(a) applied to the circumstances of his case.

There is no support for this argument. To be sure, the Supreme Court has made clear that a district court *may* "conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough v. United States*, 552 U.S. 85, 110 (2007); *see also Spears v. United States*, 129 S. Ct. 840, 843-44 (2009) ("[D]istrict Courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines."). While a district court may consider the crack/powder differential in fashioning an appropriate sentence, however, it is not required to do so. *See United States v. Gunter*, 462 F.3d 237, 249 (3d Cir. 2006) ("[T]he District Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential."); *see also United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) ("*Kimbrough* does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue.").

---

[1] The Seventh Circuit has previously alluded to this distinction. *See United States v. Aguilar-Huerta*, 576 F.3d 365, 367-68 (7th Cir. 2009) ("But we do not think a judge is *required* to consider, not a nonfrivolous argument that a guideline produces an unsound sentence in the particular circumstances of the case, but an argument that a guideline is unworthy of application in *any* case because it was promulgated without adequate deliberation.").

Here, the District Court understood that it had discretion to not follow the crack Guidelines but declined to exercise that discretion in Hinton's favor:

> Insofar as there is among professionals and academics a debate, good faith debate over the methodology in approaching sentencing for crack cocaine, unless as I say, unless and until that is changed, in statute or in the guidelines, I *choose not* to exercise any discretion with respect to it.

(App. 84 (emphasis added)).  Because the Court understood its discretion, heard Hinton's argument, and declined to adopt it for the reasons stated on the record, Hinton's argument must fail.  *See Lopez-Reyes*, 589 F.3d at 671 ("Thus, it is apparent that the Court was aware of the discretionary nature of the Guidelines and its authority to impose a sentence outside of the prescribed range.  It had no obligation to exercise that discretion in favor of Lopez-Reyes.").[2]

### B. Consideration of Hinton's Personal Characteristics

A sentencing court must consider, among other things, "the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  With respect to the § 3553(a) factors, "the record must show a true, considered exercise of discretion on the part of a district court, including a recognition of, and response to, the parties' non-frivolous arguments."  *Jackson*, 467 F.3d at 841 n.7.

---

[2]  In his reply brief, Hinton relies on *United States v. Sevilla*, in which we ordered a remand for resentencing in part because the district court "did not address Sevilla's colorable arguments relating to his childhood and the crack/powder disparity."  541 F.3d 226, 232 (3d Cir. 2008).  In *Sevilla*, the district court's explanation of its sentence was exceedingly brief, such that the defendant could well argue that the district court had not even considered his discrepancy argument.  Hinton can make no such claim.

At sentencing, Hinton argued that his history and characteristics would support a lower sentence than the Guidelines recommended: he was raised by a single mother with a drug problem, he had struggled in school, and his criminal history was not as serious as his placement in category III would suggest. The District Court explicitly acknowledged Hinton's difficult upbringing and indicated that it understood Hinton's argument with respect to his criminal history. After considering those factors, however, the Court explained why it would nevertheless impose a sentence within the Guidelines range:

> Although I have the discretion to, I simply feel that I cannot ignore the fact that Mr. Hinton, at the age of 20, was sentenced to a term in custody; placed on parole at the age of 23 and here he is, at age [sic] of 26, insofar as this crime of conviction is concerned, back out on the street, involved in a very well-organized drug distribution conspiracy.
>
> . . .
>
> Mr. Hinton did a custodial term already and it didn't deter him from committing further drug crimes. Hopefully a more substantial term will. . . .

(App. 87-89.) Hinton's claim that the Court did not adequately consider his personal history and characteristics is without merit and is rejected.

### C. Substantive Reasonableness of the Sentence

Hinton's final argument is that the seventy-month sentence imposed by the District Court was substantively unreasonable under 18 U.S.C. § 3553(a), because the Court placed too much weight on his criminal history and insufficient weight on his difficult upbringing. "The party challenging the sentence bears the ultimate burden of proving its unreasonableness, and we accord great deference to a district court's choice of final

8

sentence." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (citations omitted); *accord United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006) ("[W]e apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case."), *abrogated on other grounds by Kimbrough*, 552 U.S. 85.

Hinton has not met his burden of showing that the sentence imposed was unreasonable. The District Court considered the relevant factors under 18 U.S.C. § 3553(a). Where "the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Hinton was a recidivist drug dealer who received a procedurally proper sentence at the very bottom of the Guidelines range. His attack on the substantive reasonableness of his sentence must fail.

### III. Conclusion

We will affirm the judgment of sentence.