[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11254
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 92-00118-CR-FTM-26-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREG CALDWELL,
CLEOPHAS JAMES HALL,
JOSEPH J. HALL,
DAVID LEE HALL,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 7, 2010)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Greg Caldwell, Cleophas Hall, David Hall, and Joseph Hall appeal the district court's denial of their motions for reduced sentences, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to offenses involving certain quantities of cocaine base (i.e., "crack cocaine"). After a careful review of the record, we affirm.

Caldwell and the Halls (Cleophas, David, and Joseph) were convicted following a jury trial of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. Cleophas, David, and Joseph were also convicted of possession with intent to distribute 50 grams or more of crack cocaine.[1]

The probation officer prepared presentence investigation reports ("PSI") for each defendant, calculating the applicable guideline range as follows: Each defendant was held responsible for more than 15 kilograms of crack, which corresponded to a base offense level of 42 under U.S.S.G. § 2D1.1(a)(3) (1992). Caldwell and Joseph faced no enhancements or reductions, and their guideline range was 360 months to life imprisonment. Cleophas's offense level was increased by three due to his managerial role, for a total adjusted offense level of 45. Under the guidelines, any adjusted offense level above 43 is treated as an offense level of 43. U.S.S.G. § 5A1.1, comment. (n.2) (1992). Cleophas's

---

[1] Caldwell was also convicted of this count, but the court granted his motion for judgment of acquittal at sentencing.

guideline range was life imprisonment. David also received an enhancement for his role in the offense and therefore his guideline range was life imprisonment as well. Under 21 U.S.C. § 841(b)(1)(A), each defendant was subject to a mandatory minimum sentence of ten years' imprisonment.

At sentencing, the court determined that each defendant was responsible for "well over 15 kilograms" of crack.[2] The court sentenced Caldwell and Joseph to 360 months' imprisonment and David and Cleophas to life imprisonment. The convictions and sentences were affirmed on appeal. Caldwell and the Halls later requested a reduction based on Amendment 505 to the Sentencing Guidelines. The court reduced Caldwell's sentence and the sentences of David and Cleophas Hall. Joseph Hall's sentence was not reduced.

Thereafter, all defendants filed motions for a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for crack cocaine offenses. The district court denied the motions, finding that each defendant was ineligible for relief because he had been responsible for more than 4.5 kilograms of crack and thus the amendment did not lower the applicable offense level. This appeal followed.

---

[2] At sentencing, the court determined that David and Joseph were responsible for more than 50 kilograms based on witness testimony. Both defendants objected to the drug quantity attributed to them. The court held Caldwell and Cleophas responsible for the 15 kilograms listed in the PSIs.

3

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a sentence in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in U.S.S.G. § 1B1.10, state that a sentence reduction is not authorized under § 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706 lowers the offense level of defendants convicted of crimes involving "[a]t least 1.5 KG but less than 4.5 KG of Cocaine Base." U.S.S.G. § 2D1.1, Amend. 706. A defendant convicted of a crime involving 4.5 kilograms or more of crack cocaine is not eligible for a sentence reduction under Amendment 706. *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008); *James*, 548 F.3d at 986; U.S.S.G. 1B1.10(a)(2). Moreover, we have held that the Supreme Court's decisions in *Booker* and *Kimbrough*[3] do not alter the district court's limited

---

[3] *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007).

4

authority under § 3582(c)(2).[4] *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir.), *cert. denied*, 129 S.Ct. 2382 (2009). Because the district court found at sentencing that each of the movants was responsible for more than 4.5 kilograms of crack cocaine, they are ineligible for relief under § 3582(c)(2).

To the extent that the defendants challenge the amount of drugs for which they were held responsible because the jury did not find the quantity of drugs involved, their argument is without merit. *United States v. Cothran*, 106 F.3d 1560, 1562-63 (11th Cir. 1997) (holding that a district court properly declined to re-evaluate drug quantity in a § 3582(c)(2) proceeding). Section 3582(c)(2) provides a district court with the discretion to reduce a sentence based only a retroactively applicable amendment. *Jones*, 548 F.3d at 1369; *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

We also reject the defendants' argument that their earlier sentence reductions under Amendment 505 effectively recalculated the drug quantity for which they should be held accountable. A § 3582(c) proceeding is not a *de novo* resentencing; thus, it is not a vehicle by which an individual can challenge a sentencing court's findings of fact or by which a court can revisit its own factual determinations. *See*

---

[4] The Supreme Court recently heard oral argument to consider whether *Booker* applies to resentencings under § 3582(c). *Dillon v. United States*, 572 F.3d 146 (3d Cir.), *cert. granted*, 130 S.Ct. 797 (2009). Nevertheless, until the Supreme Court overrules our decision in *Melvin*, *Melvin* remains the law of this Circuit.

*Moreno*, 421 F.3d at 1220; *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Here, as the defendants concede, the sentencing court made express findings that each of them was responsible for more than 15 kilograms of crack cocaine. In the context of a § 3582(c)(2) proceeding, the district court did not have the authority or discretion to alter or amend that finding. *Bravo*, 203 F.3d at 781.

Finally, we see no merit in the argument that the district court's denial of their motion violates the "intent" of the sentencing amendments. Section 1B1.10 is clear, § 3582(c)(2) relief is not available to defendants whose guideline range is not favorably affected by a retroactive amendment to the Guidelines. And we have consistently held that if a defendant is responsible for more than 4.5 kilograms of crack cocaine, he is ineligible for relief under Amendment 706. *See United States v. Davis*, 587 F.3d 1300, 1304 (11th Cir. 2009), *cert. denied*, (U.S. Apr. 19, 2010) (No. 09-9666). Accordingly, the district court's order denying a reduction under § 3582(c) is

**AFFIRMED**.