[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10504
Non-Argument Calendar

_____

D.C. Docket No. 2:92-cr-00118-UA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE HALL,
JOSEPH HALL,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 1, 2017)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Defendants David Hall ("David") and Joseph Hall ("Joseph") are federal prisoners convicted of crack cocaine offenses. The defendants, proceeding pro se, jointly appeal the district court's denial of their 18 U.S.C. § 3582(c)(2) motions for sentence reductions based on Amendment 782 to the Sentencing Guidelines. The district court concluded that the defendants were ineligible for sentence reductions because, in light of the sentencing court's finding that each defendant was responsible for in excess of 50 kilograms of crack cocaine, Amendment 782 did not lower the defendants' sentencing ranges. The district court also denied the defendants' joint motion for reconsideration. After review, we affirm.[1]

## I. BACKGROUND FACTS

In 1993, a jury convicted the defendants David and Joseph, who are brothers, with conspiring to possess, and possessing, cocaine base with intent to distribute it. At separate sentencing hearings, the district court found that each defendant was responsible for more than 50 kilograms of crack cocaine. Thus, each defendant's original base offense level was 42 under U.S.S.G. § 2D1.1(c)'s Drug Quantity Table. See U.S.S.G. § 2D1.1(c)(1)(1993) (assigning a base offense level of 42 for offenses involving 15 kilograms or more of cocaine base).

---

[1]This Court reviews de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2) and for clear error its factual findings underlying those legal conclusions. United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).

As to David Hall, the district court: (1) imposed a four-level leadership role increase for an adjusted offense level of 46; (2) reduced the total offense level to 43 pursuant to U.S.S.G. § 5A1.1; and (3) calculated a criminal history category of I, which resulted in a guidelines range of life imprisonment.  The district court imposed two concurrent life sentences.

As to Joseph Hall, the district court: (1) imposed no adjustments, for an adjusted offense level of 42; and (2) calculated a criminal history category of IV, which resulted in a guidelines range of 360 months to life imprisonment.  The district court imposed concurrent 360-month sentences.

In 1996, both defendants filed § 3582(c)(2) motions based on Amendment 505, which capped the base offense level at 38 for offenses involving 1.5 kilograms or more of cocaine base.  See U.S.S.G. app. C, amend. 505 (1994).  At that time, the district court concluded that based on Amendment 505, both defendants were "entitled to a base offense level of 38."  As to David Hall, the district court recalculated his guidelines range as 360 months to life, granted the § 3582(c)(2) motion, and imposed a new 360-month sentence.  As to Joseph Hall, the district court recalculated his guidelines range as 324 months to 405 months' imprisonment, but denied the § 3582(c)(2) motion as a matter of discretion, which left Joseph's original 360-month sentence intact.

In 2008, the defendants, along with other codefendants, filed a joint § 3582(c)(2) motion based on Amendment 706. Amendment 706, among other things, increased the amount of cocaine base needed to trigger a base offense level of 38 from "1.5 kilograms or more" to "4.5 kilograms or more." See U.S.S.G. app. c., amend 706 (2007). The district court denied the 2008 motion as to David and Joseph. The district court concluded that the defendants were ineligible for sentence reductions because Amendment 706 did not lower either defendant's applicable guidelines range. The district court noted that both defendants were held responsible at sentencing for 50 kilograms of cocaine base, far more than the 4.5 kilograms of cocaine base needed to trigger the highest base offense level of 38 under Amendment 706.

This Court affirmed the district court's ruling on appeal, concluding that the defendants were ineligible for § 3582(c)(2) relief "[b]ecause the district court found at sentencing that each of the movants was responsible for more than 4.5 kilograms of crack cocaine," the amount needed to trigger a base offense level of 38 at that time. See United States v. Caldwell, 381 F. App'x 933, 935 (11th Cir. 2010). In so doing, this Court noted that the district court had determined at the

4

original sentencings that both David and Joseph were responsible for <u>more than</u> 50 kilograms of crack cocaine.  <u>Id.</u> at 934 n.2.[2]

## II.  DEFENDANTS' CURRENT SECTION 3582(c)(2) MOTIONS

A district court may reduce a term of imprisonment only if it was based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); <u>see also</u> <u>United States v. Lawson</u>, 686 F.3d 1317, 1319 (11th Cir. 2012); U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 782, which is retroactive, reduced by 2 levels the base offense levels for most drug offenses.  <u>See</u> U.S.S.G.  app. C, amend. 782 (2014).  Amendment 782 increased the amount of crack cocaine necessary to qualify for the highest base offense level of 38 to 25.2 kilograms or more.  <u>Compare</u> U.S.S.G. § 2D1.1(a)(5),(c)(1) (2011), <u>with</u> U.S.S.G. § (a)(5), (c)(1) (2014); <u>see also</u> U.S.S.G. app. C. amend. 782.

Here, the district court properly denied the defendants' § 3582(c)(2) motions.  As discussed above, the original sentencing court found that each defendant was responsible for more than 50 kilograms of cocaine base.  Moreover, each defendant's last-applied base offense level was level 38, the highest base offense level for crack cocaine offenses.  After Amendment 782, the more than 50

---

[2]The government argues that under the law-of-the-case doctrine, we are bound by <u>Caldwell</u>'s finding in footnote 2 that each defendant was responsible for more than 50 kilograms. It is not clear that footnote 2 was necessary to the holding in <u>Caldwell</u>.  <u>See</u> <u>United States v. Anderson</u>, 772 F.3d 662, 668 (11th Cir. 2014).  In any event, even without the law-of-the-case doctrine, we conclude for the reasons that follow that the district court properly denied the defendants' § 3582(c)(2) motions based on Amendment 782.

kilograms of crack cocaine attributed to each defendant still results in a base offense level of 38. See U.S.S.G. app. C, amend 782; Id. § 2D1.1(c)(1) (assigning a base offense level of 38 for cocaine base offenses involving 25.2 kilograms or more). Accordingly, each defendant's applicable guidelines range remains the same. Because Amendment 782 did not have the effect of lowering either defendant's last-applied guidelines range, the district court lacked authority to reduce their sentences pursuant to § 3582(c)(2).

There is no merit to the defendants' argument that the sentencing court attributed to them only 15 kilograms of crack cocaine. The defendants' respective presentence investigation reports ("PSI") stated that each defendant was responsible for "well over" 15 kilograms of crack cocaine. After each defendant objected to his PSI's drug quantity, the district court overruled the objection and made an explicit finding that each defendant's offenses involved more than 50 kilograms of crack cocaine.[3]

Moreover, the sentencing court's drug quantity finding was sufficiently specific to support the district court's denial of the defendants' § 3582(c)(2) motions. After Amendment 782, any quantity of crack cocaine in excess of 25.2 kilograms qualifies for a base offense level of 38. See U.S.S.G. § 2D1.1(a)(5),

---

[3]There is also no merit to the defendants' argument that the drug quantities in the defendants' PSIs and the sentencing court's drug quantity findings at the original sentencing hearing are inconsistent. The sentencing court's finding of more than 50 kilograms is in fact "well over 15 kilograms," as stated in the PSIs.

(c)(1) (2015).  A finding of "more than 50 kilograms" is sufficient to show that both defendants still qualify for a base offense level of 38.  The district court was not required to make any further drug quantity determinations in the § 3582(c)(2) proceedings.  Cf. United States v. Hamilton, 715 F.3d 328, 340 (11th Cir. 2013) (vacating a denial of a § 3582(c)(2) motion when it was not clear from the record what drug quantity finding the court made at the original sentencing).

For all these reasons, the district court properly denied the defendants' § 3582(c)(2) motions for sentence reductions based on Amendment 782.

**AFFIRMED.**